**Raymond R. RICHARDS and Emma D. Richards, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 84–1392.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1984.

Decided Oct. 5, 1984.

---

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gilbert S. Rothenberg, Francis M. Allegra, Attys. Tax Div., Dept. of Justice, Washington, D.C., for appellee.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Raymond R. Richards, taxpayer, (his wife Emma D. Richards, is a party solely because a joint return was filed) appeals from a ruling of the United States Tax Court,[1] granting summary judgment against his claim that section 37 of the Internal Revenue Code of 1954 violates the equal protection guarantee, inherent in the Constitution. While we appreciate and understand the taxpayer's feelings of being discriminated against and realize there is a sound basis for such feeling, we think the current law on the issue compels us to affirm the Tax Court.

Petitioner Raymond ·R. Richards was born on March 5, 1921. He retired from his job at Arkansas Power and Light Company in August of 1976, and began receiving pension benefits from a plan run by John Hancock Mutual Life Insurance Company. Richards recovered his costs in the plan during 1976, 1977, and early 1978. He received net taxable pension payments in 1978, 1979, and 1980 in the amounts of $3,498.00, $3,555.48, and $3,555.48, respectively. Richards did not report these taxable pension payments on his income tax returns for those years. Because of this failure to report the pension income, on March 22, 1982 the Commissioner sent Richards a statutory notice of deficiency asserting income tax deficiencies of $469.00, $207.00, and $81.00 for the years 1978, 1979, and 1980. Richards then petitioned the United States Tax Court on June 10, 1982 for review of the Commissioner's deficiency determinations. The Tax Court granted the Commissioner's motion for summary judgment and entered judgment against Richards in the amount of the assessed deficiencies.

Richards' main argument in the Tax Court and now before us is that section 37(e) of the Internal Revenue Code of 1954 (26 U.S.C. § 37(e) (1976 and Supp. II 1979)) violated the equal protection guarantee inherent in the Fifth Amendment, because it did not allow him a tax credit against his privately-funded pension, although it granted a credit equal to 15% of retirement income to similarly aged individuals receiving pensions from a public retirement system. The Tax Court concluded that the distinction drawn by section 37(e) between public and private retirement benefits did not constitute a denial of equal protection, but rather was a reasonable classification.

The Supreme Court has held that generally, under the Fifth Amendment, "statutory classifications are valid if they bear a rational relation to a legitimate governmental purpose." *Regan v. Taxation with Representation of Wash.*, 461 U.S. 540, 103 S.Ct. 1997, 2001–2002, 76 L.Ed.2d 129 (1983). Further, Congress has "especially broad latitude in creating classifications and distinctions in tax statutes." *Id.*

---

1. The Honorable C. Moxley Featherston.

103 S.Ct. at 2002. In determining the constitutionality of a tax statute, the appropriate standard is one of "relaxed scrutiny," under which a statutory classification will stand if any characterization of the facts may reasonably be said to justify it. *First Nat'l Bank of Omaha v. United States*, 681 F.2d 534, 541 n. 5 (8th Cir.1982), *cert. denied*, 459 U.S. 1104, 103 S.Ct. 726, 74 L.Ed.2d 952 (1983).

In enacting the Internal Revenue Code section in question, 37(e), in 1954, Congress proffered two rational reasons for implementing the section. First, Congress intended to "conform the tax treatment of all retired individuals to those who now receive tax-exempt social security benefits and certain other retirement income." S.Rep. No. 1622, 83rd Cong., 2nd Sess. 165, *reprinted in* 1954 U.S.Code Cong. & Ad. News 4621, 4799. That Congress instituted section 37(e) to instill parity between private retirees, who enjoyed tax-exempt social security benefits, and public retirees is further evidenced by Congress' repeal of section 37(e) in the Social Security Amendments of 1983, Pub.L. No. 98–21, 97 Stat. 65. With the enactment of those amendments, social security benefits were taxable for the first time. *See* 26 U.S.C. § 86 (1983). As the House Report stated, "The credit * * * initially was intended to provide compensation to those whose retirement benefits were fully taxable rather than consisting partially of tax-free social security benefits * * *. Once social security benefits are subject to tax, favorable tax treatment for public retirees under age 65 should be limited to those permanently and totally disabled." H.R.Rep. No. 98–25, 98th Cong., 1st Sess. 29–30, *reprinted in* 1983 U.S.Code Cong. & Ad.News 143, 219, 247–48. Thus Congress removed section 37(e) when social security benefits became taxable, and the inequity section 37(e) addressed ceased to exist.

Second, by providing relief for individuals under 65 years of age who received payments under a public retirement system, Congress sought to provide an incentive to those citizens considering careers as public servants, so as to promote continuity and efficiency in government service. A look at the legislative history of section 37(e) shows that Congress heard testimony to the effect that the tax credit on government retirement annuities would attract career employees to the government. *See Internal Revenue Code: Hearings*, 83rd Cong., 2nd Sess. 2139–41 (1954) (statement of John C. McCart, American Federation of Government Employees).

■ We sympathize with Richards' position and his irritation over the favorable treatment being accorded to similarly aged taxpayers who happen to be receiving their pension benefits from a public, rather than a private, system. We cannot say, however, that the distinction drawn in the now repealed section 37(e) was without a reasonable basis in fact to justify it. We therefore affirm the decision of the Tax Court.

Affirmed.