Dear Senate Hendrick,
¶ 0 The Attorney General has received your letters asking for an official opinion addressing, in effect, the following question:
Does 68 O.S. 2358(D)(9) (1989), which exempts from taxationfive thousand five hundred dollars ($5,500) of the retirementbenefits of state or federal government employees but does notexempt any of the retirement benefits of private employees,violate the Oklahoma or United States Constitutions, withparticular reference to Article X, Section 5 of the OklahomaConstitution.
¶ 1 Your questions arise in the wake of the Supreme Court decision in Davis v. Michigan, 489 U.S. ___, 109 S.Ct. 1500,103 L.Ed.2d 891 (1989). In that case, the Supreme Court held that the State of Michigan could not constitutionally grant an exemption from income tax to retirees from Michigan state employment while denying such an exemption to retirees from federal employment. The decision was based on the doctrine of intergovernmental tax immunities, which requires that inconsistent tax treatment such as Michigan's be "directly related to and justified by significant differences between the two classes." Davis,103 L.Ed.2d at 905. The analysis is different if, as in your questions, the inconsistent treatment does not involve retirees from two different governments.
¶ 2 In general, there are three provisions of the United States Constitution which a taxpayer might use to challenge an allegedly discriminatory state tax: the Commerce Clause (Article I, Section 8), the Privileges and Immunities Clause (Article IV, Section 2, cl.1), and the Equal Protection Clause (Amend.14). The only one which is applicable here is the Equal Protection Clause.
¶ 3 The Oklahoma Constitution, of course, does not contain a specific equal protection clause, but Article V, Section 59 has been held to offer exactly the same shield against arbitrary government action as the Equal Protection Clause of the United States Constitution. Texas Oklahoma Express v. Sorenson,652 P.2d 285, 289-90 (Okla. 1982). In addition, Article X, Section 5
of the Oklahoma Constitution requires that taxes be uniform upon the same class of subjects. However, this requirement has been held to relate to property taxes only, not to retirement benefits. See, Johnston v. Oklahoma Tax Commission,497 P.2d 1295 (Okla. 1972), and A.G. Opin. No. 81-153. Our inquiry, then, is whether a state tax statute which grants a benefit to one class of retirees — former public employees — is necessarily invalid because it does not grant the same benefit to another class of retirees — former employees of private concerns. The answer is no.
¶ 4 The United States Supreme Court has held several times that, "the States have a very wide discretion in the laying of their taxes." Allied Stores of Ohio v. Bowers, 358 U.S. 522,526, 76 S. Ct. 437, 3 L.Ed.2d 480, 484 (1959). Allied Stores was a challenge to an Ohio statute which offered favorable tax treatment to foreign businesses, in distinction to Ohio businesses, which had property stored or warehoused in Ohio. The Court wrote that the Equal Protection Clause "imposes no iron rule of equality, prohibiting the flexibility and variety that are appropriate to reasonable schemes of state taxation." Id.
The Court went on to hold that a state may classify in any way that is not "palpably arbitrary." "That a statute may discriminate in favor of a certain class does not render it arbitrary if the discrimination is founded upon a reasonable distinction, or difference in state policy." Id. at 485.
¶ 5 More recently, in Regan v. Taxation With Representation,461 U.S. 540, 547, 103 S.Ct. 1997, 76 L.Ed.2d 129, 138 (1983), Justice (now Chief Justice) Rehnquist wrote that "[l]egislatures have especially broad latitude in creating classifications and distinctions in tax statutes." Although Regan was a challenge to a federal tax statute, Justice Rehnquist quoted with approval from a case which involved a challenge to a state estate tax statute.
 Traditionally classification has been a device for fitting tax programs to local needs and usages in order to achieve an equitable distribution of the tax burden. It has, because of this, been pointed out that in taxation, even more than in other fields, legislatures possess the greatest freedom in classification. . . . [T]he presumption of constitutionality can be overcome only by the most explicit demonstration that a classification is a hostile and oppressive discrimination against particular persons and classes. Madden v. Kentucky, 309 U.S. 83, 87-88, 60 S.Ct. 406, 84 L.Ed. 590
(1940).
461 U.S. at 547, 548.
¶ 6 It is clear, then, that "federal equal protection challenges to state tax laws are reviewed with a minimal level of scrutiny." Weissinger v. White, 733 F.2d 802, 806 (11th Cir. 1984). "Even an intentionally discriminatory classification will pass muster if it is founded upon a reasonable distinction, or difference in state policy, or any state of facts reasonably can be conceived that would sustain it." Id. (citations omitted).
¶ 7 In the Oklahoma statute no purpose is stated in the exemption section itself, but a legitimate state purpose can readily be imagined for the disparate treatment afforded public and private retirees. The legislature may have wished to encourage people to enter public service or it may have wished to encourage qualified people to remain in public service even after they have gained valuable experience for which they might be more amply rewarded in the private sector. Clearly, the granting of a slight tax benefit to public retirees bears the necessary "fair and substantial" relation to these legitimate state goals. Id.
In fact, in Richards v. Commissioner of Internal Revenue,745 F.2d 524 (8th Cir. 1984), a private retiree challenged a federal tax benefit much like the one in question here which granted a credit equal to 15% of retirement income to those whose pensions derived from a public retirement system and did not grant any credit to those whose pensions derived from private employment. The discriminatory statute was upheld in part because of just the "inducement to public employment" rationale outlined above. See also, Kosmal v. Commissioner of Internal Revenue, 670 F.2d 842
(9th Cir. 1982) (recognizing important distinctions between government and private pension plans). Nor is it fatal to the legislation that no purpose is stated therein, "for a state legislature need not explicitly declare its purpose." AlliedStores, supra, 358 U.S. at 528.
¶ 8 It is, therefore, the official opinion of the AttorneyGeneral that 68 O.S. 2358(D)(9) (1989), which exempts fivethousand five hundred dollars of the retirement income of stateand federal retirees from taxation, does not violate eitherArticle V, Section 59 or Article X, Section 5 of the OklahomaConstitution; nor does it violate the Equal Protection Clause ofthe United States Constitution.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
SUE WYCOFF ASSISTANT ATTORNEY GENERAL