## SHARP v. MILLER, Adm'x.

No. 12726—Opinion Filed Dec. 18, 1923.

### Account—"Mutual Account."

A mutual account is one based on a course of dealing where each party has given credit to the other in reliance on the understanding that upon settlement each side of the account will be allowed so

that one will reduce the other. Where the items in one account are all charges against one party and in favor of the other, it is not a mutual account, since it does not show a system of mutual dealings and of reciprocal demand between the parties. In a mutual account each party has a demand or right of action against the other. Accordingly an account consisting of items on one side and payments merely on the other is not a mutual account. 1 C. J. 598.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Logan County; Charles C. Smith, Judge.

Action by Dr. E. G. Sharp against Lula E. Miller, administratrix of estate of Martha E. Miller, deceased. From an order sustaining motion of defendant for judgment on the pleadings, plaintiff appeals. Affirmed.

Geo. W. Partridge, for plaintiff in error.

C. G. Hornor, for defendant in error.

Opinion by THREADGILL, C. This is an appeal by the plaintiff from an order of the district court of Logan county sustaining a motion of defendant for judgment on the pleadings.

The facts necessary to determine the question in controversy are substantially as follows:

The plaintiff is a practicing physician in Guthrie, Okla., and on May 10, 1921, he brought suit against the defendant, as administratrix of the estate of Martha E. Miller, deceased, to have allowed this claim against the estate for the sum of $242, with interest at six per cent. from May 3, 1921. This claim was based upon an open account for services rendered in treating the deceased from May 6, 1906, to December 31, 1920. The account is itemized and up to December 29, 1907, it had run to the sum of $89.25 and the amount paid on the same, $83.25. To July 21, 1908, the account had run to $13 and the amount paid $10, leaving $3 balance unpaid on that date. The account continued to run to December 31, 1920, with no other payments made. From January 19, 1908, to December 31, 1920, the only items in the account are as follows:

February 17, 1919, to one visit, $2; December 21, 1919, to one visit, $2; February 11, 1920, to one visit $2; October 23, 1920, to prescription $1, making a total of $7. The patient died February 9, 1921, and Lula E. Miller was appointed administratrix of her estate. On May 3, 1921, and within the time for presenting claims, the plaintiff presented his account to the administratrix for allowance, and on May 4, 1921, the administratrix allowed the last four items above set out and rejected the others on the ground of the bar of limitation. The plaintiff refused to accept the allowance and brought suit in the district court to have the whole claim allowed. On May 21, 1921, the defendant filed motion for judgment on the pleadings, asking that the plaintiff be allowed the sum of $7, being the four items within the bar of the statute and disallow the other items in the account because barred by statute of limitation, and on June 17, 1921, the court sustained the motion and the plaintiff appealed.

There is but one question for us to consider in passing on this case and that is whether or not the items of this account, except the last four, are barred by section 185, Comp. Stat. 1921, and this question must be determined by the nature of the account, as to whether it is a mutual open account or a simple open account. As we understand, it is conceded by both parties, that if this account is a mutual account the bar of the statute does not commence to run till the date of the last item but if a simple open running account the bar of the statute commences to run from the date of each particular item. The plaintiff contends that the statement of the account shows it to be a mutual running account; citing Hannon v. Engleman (Wis.) 5 N. W. 791; Hook et al. v. Bixby, 13 Kan. 164, 27 Pac. 127; Waffle v. Short, 25 Kan. 503, 30 Pac. 350. But we cannot agree with the plaintiff's contention, nor can we agree that these cases support his contention.

In 1. C. J. 598, a mutual account is defined as follows:

"A mutual account is one based on a course of dealing where each party has given credit to the other in reliance on the understanding that upon settlement each side of the account will be allowed so that one will reduce the other. Where the items in an account were all charges against one party and in favor of the other, it is not a mutual account, since it does not show a system of mutual dealings and of reciprocal demands between the parties. In a mutual account each party has a demand or right of action against the other. Accordingly an account consisting of items on one side and payments merely on the other is not a mutual account."

This definition is supported by all the authorities. 1 R. C. L. page 205; 17 R. C. L. page 730; Wood on Limitations, sec. 278; Angel on Limitations, sec. 149; Words and Phrases, First Series, vol. 5, p. 4646-

4647; Words & Phrases, Second series, vol. 3, pages 508-509; Pengra v. Wheeler, 24 Ore. 532, 34 Pac. 354; Green v. Disbrow. 79 N. Y. 1, 35 Am. Rep. 496; Lapham v. Pipe Line Company, 87 Kan. 65.

These authorities settle the question involved here and are not in conflict with the cases cited by the plaintiff.

The account in the case at bar according to the above authorities is not a mutual account, and the items stated represent separate transactions and are subject to the bar of the statute from the date of each item. There is no doubt but what the services rendered by the plaintiff were satisfactory and efficient, and if he had been as diligent in looking after his own interests as he was his patient and had obtained legal advice before the patient died and had secured from her a proper ratification of his account and waiver of the statute of limitation the cause would not be here for our consideration. Physicians often need lawyers, as lawyers need physicians, and neglect by either one often proves fatal. However meritorious the claim the court is powerless to render assistance where the claimant has failed to protect his own rights. We represent government by law and not by men.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.