## BROGDEN v. BAUGH Adm'r.

No. 26784.   March 17, 1936.

F. V. Westhafer, for plaintiff in error.

C. J. Davenport, for defendant in error.

CORN, J. The parties to this appeal will hereafter be referred to as they appeared in the trial court.

This appeal is from a judgment of the district court of Creek county, sustaining a demurrer to plaintiff's evidence and dismissing plaintiff's case, on the theory that plaintiff's evidence showed that his cause of action was barred by the statute of limitations.

On the 3rd day of May, 1935, the plaintiff filed this action in the lower court to recover from the defendant the sum of $385 for medical services rendered by him to Jennie A. Baugh during her lifetime, covering a period of time from December 23, 1930, to and including July 10, 1931. The answer by the defendant was a general denial, and that the action was barred by the statute of limitations.

Agreed stipulation of facts is as follows:

"First, that the plaintiff, Dr. J. Brogden, is a regularly licensed and practicing physician and surgeon, and was at all times mentioned in his petition.

"Second, that the defendant is the duly appointed, qualified, and acting administrator of the estate of Jennie A. Baugh, deceased, and said estate is being probated in the county court of Creek county, Okla.

"Third, that Jennie A. Baugh died December 13, 1932.

"Fourth, that the will of Jennie A. Baugh provides for the payment of all her just debts, but does not specifically mention the expense of her last illness.

"Fifth, that the administrator of the estate of Jennie A. Baugh, the defendant herein, published due and legal and proper notice to creditors to present their claims against said estate, the first date of publication being November 22, 1934.

"Sixth, that the plaintiff presented his claim herein sued on, on March 17, 1935.

"Seventh, claim was refused and disallowed by the defendant.

"Eighth, that the charges made by the plaintiff for said medical services were entered on the plaintiff's books of account against C. J. Baugh, husband of Jennie A. Baugh.

"Ninth, that the only payment made on the plaintiff's bill was made by the husband, C. J. Baugh, in the sum of five dollars, made February 4, 1933."

The doctor testified that he rendered the services; that the same were reasonable and the sum of $385 had not been paid.

During the argument of the case and for the purpose of securing information, the court asked counsel if the claimant had filed a claim against the estate of C. J. Baugh, deceased, said C. J. Baugh being the husband of Jennie A. Baugh, deceased, whereupon counsel for claimant informed the court that the said claimant, Dr. Brogden, had filed this same claim against the C. J. Baugh estate and that the same had been allowed.

Plaintiff states in his brief:

"Dr. Brogden's claim—expenses of last sickness—being a liability of Mrs. Baugh's estate created by statute—the statute of limitations did not begin to run until the estate came into existence with the death of Mrs. Baugh, December 13, 1932. Dr. Brogden never had a claim against Mrs. Baugh personally. He had no contract with her, either express or implied, which he could enforce against her during her lifetime. The statutory liability of the estate arose with her death."

While there was no express contract for the services of the plaintiff, it, of course, could not be denied that, under the circumstances related, it was intended that plaintiff be paid for his services. At least there was an implied contract to pay. The husband, under the statutes of Oklahoma, would be liable for the medical services. In re Wilson's Estate, 160 Okla. 23, 15 P. (2d) 825. It is the law that the wife, too, could be liable personally for such services. In Oklahoma a married woman has the legal capacity to contract and create debts against her own property, when she expressly intends to do so. That is the general rule, even as to necessaries. See Glenn v. Gerald et al. (S. C.) 42 S. E. 155; Dearing v. Moran (Ky.) 78 S. W. 217; Charron v. Day (Mass.) 117 N. E. 347; Meads v. Martin (Mich.) 47 N. W. 583. The principle is recognized by this court in St. L. & S. F. Ry. Co. v. Loftus, 109 Okla. 141, 234 P. 607, where plaintiff sought damages for personal injuries and medical expenses as well. It was contended that she could not recover for the latter, but this court said:

"* * * In such case the duty would devolve upon the husband to pay these expenses, unless, under certain conditions, she was to pay the same out of her separate earnings. * * *"

In this case the first treatment was given in December, 1930; the last service was rendered July 10, 1931. Decedent died December 13, 1932. Touching the nature of plaintiff's claim, it is said in plaintiff's brief:

"It will be remembered that no contract of any kind is involved in this action. Plaintiff in his petition did not declare upon contract. He had no contract of any kind with Jennie A. Baugh. He made all his charges on his books against C. J. Baugh, the husband. Plaintiff could not have enforced his claim against Jennie A. Baugh during her lifetime had he desired."

He states further:

"The plaintiff contends that, the claim being a statutory claim against the estate of the deceased, the claim could not be enforced against the estate until the estate came into existence with the death of this woman, December 13, 1932."

When the services were performed, a debt was created. Under plaintiff's contention, it was the debt of the husband of decedent. If so, the statute of limitations would run as soon as three years elapsed. Shawnee National Bank v. Marler et al., 106 Okla. 71, 233 P. 207; Sharp v. Miller, 94 Okla. 217, 221 P. 747. If the claim were not classed by plaintiff as "for expenses of last sickness," we assume it would not even be contended that the statute of limitations had not run; if the claim were concededly the debt of decedent, plaintiff's claim would be barred, notwithstanding the fact that the claim was presented on March 17, 1935, within four months after the first publication of the notice to creditors, for unreasonable delay in seeing that an administrator is appointed will not toll the statute. Robitaille, Adm'r, v. Mumaugh, 167 Okla. 339, 29 P. (2d) 602.

Plaintiff seeks to avoid the effect of the general statute of limitations by contending that a debt, though barred by the statute of limitations, is revived by death; or, rather, that although the debt may be barred by the general statute, death creates a liability for "expenses of last sickness" by reason of section 1255, O. S. 1931, as follows:

Order of Payment of Debts:

"The debts of the estate must be paid in the following order:

"First. Funeral expenses.

"Second. The expenses of the last sickness."

, As noted by an examination of the whole section, it mentions eight classes of claims which may be made against the estate. It is claimed by the plaintiff that the services were performed during "last sickness," and that the section fixes a statutory liability.

The record discloses that the last service rendered by the doctor was July 10, 1931, and Mrs. Baugh did not die until December 13, 1932. We are therefore unable to arrive at the conclusion that the services by the doctor were for "expenses of last sickness."

Section 101, O. S. 1931, provides:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * * Second, within three years: An action upon a contract express or implied, not in writing; an action upon a liability created by statute, other than a forfeiture or penalty."

What is intended by the expression "liability created by statute?" In Fidelity & Deposit Co. v. Lindholm, 66 F. (2d) 56, the Circuit Court of Appeals for the Ninth Circuit held:

" 'Liability created by statute' within act requiring commencement of action on such liability within three years is liability which would not exist but for statute (Code Civ. Proc. Cal. sec. 338)."

Certainly it will not be contended that liability for expenses of last sickness would not exist but for the statute. The wife could by express agreement become personally liable to pay the debt, as shown by the cases already cited. The husband would be liable because medical services are necessaries, and the law imposes upon the husband the duty to pay such a debt. When the services were performed a liability was created.

In Decedents' Estates and Wills (Woerner), paragraph 361, the following occurs:

"* * * Expenses of the last illness cannot be classed with those for the funeral, because they necessarily accrue before the death, and therefore constitute a debt of the deceased; while the funeral, taking place after, cannot constitute a debt of the deceased, but only of the executor or administrator. It follows that in the account of the executor or administrator he can be allowed credit for expenses of last illness only as for a debt paid, of whatever class the statute assigns to it; and in the absence of statutory preferment, it will rank with other simple contract debts. Of course, if there are several creditors of equal rank,

and the assets are insufficient to pay them, expenses of last illness must be paid pro rata."

We agree that in emergencies, where one is suddenly stricken, or injured, or in such a situation that medical assistance is at once necessary, that there should be no quibbling over the niceties of the law as to whether a contract was made for services. In such cases the person needing the services of a physician is often in such a mental state or physical condition that others, even those not related, must act for that afflicted person and call to that person's aid medical skill. Surely, in such circumstances, the law should imply an obligation to pay. But if the physician or other person furnishing services does nothing toward collecting for the services and the person recovers, is it unreasonable to require the creditor to pursue his legal remedies within three years after the performance of the service? Is it logical to say that such person has three years in which to sue on his claim and then three years additional, after death, upon the theory of the creation of a new obligation?

The Supreme Court of North Carolina in Bowen v. Daugherty et al., 168 N. C. 242, said:

"We are aware of a number of decisions, by courts of eminent ability and learning, to the effect that the estate of a deceased wife is primarily liable on claims of this kind by reason of their statutes as to the proper administration of estates, and which provide, in differing terms, that debts for funeral expenses, medical bills, and services within a stated period, etc., shall be paid, etc. In re Skillman's Estate, 146 Iowa, 601, 125 N. W. 343, 140 Am. St. Rep. 295; Schneider v. Breier's Estate, 129 Wis. 446, 109 N. W. 99, 6 L. R. A. (N. S.) 917; Constantinides v. Walsh, 146 Mass. 281, 15 N. E. 631, 4 Am. St. Rep. 311; McLellan v. Felson, 44 Ohio St. 184, 5 N. E. 861, 58 Am. Rep. 814.

"It may be that, owing to special phraseology of these statutes, a position of that kind can be upheld, but, so far as our own enactment is concerned (Rev. 1905, sec. 87), we do not hesitate to hold that the statute is only designed to recognize priorities and to establish the order of payment as between claimants who have valid debts against the estate, and never intended by the lawmakers to create a liability which did not otherwise exist."

The purpose of section 1255, O. S. 1931, is to establish priority of legal enforceable debts against the estate of a deceased person, and does not create liability.

No claim against a decedent's estate can properly be allowed unless the debt originally created remains enforceable; if the original debt could not be enforced because barred by the statute of limitations, it cannot be the basis of a claim against an estate.

After the performance of medical services, a claim based thereon cannot be allowed against an estate upon the theory of "expenses of last sickness" where more than three years have elapsed since the service was rendered.

It appears from the record that the claim is a just one, but as the same is barred by the statute of limitations, we will repeat what this court said in Sharp v. Miller, 94 Okla. 217, 221 P. 747:

"Physicians often need lawyers, as lawyers need physicians, and neglect by either one often proves fatal. However meritorious the claim the court is powerless to render assistance where the claimant has failed to protect his own rights. We represent government by law and not by men."

The defendant in error has filed a motion herein to dismiss the appeal for the reason the motion for new trial was not filed as provided by statute. As we have arrived at the same result by this opinion that would be reached if said motion were sustained, we, therefore, decline to pass on the merits of the motion.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, PHELPS, and GIBSON, JJ., concur. WELCH, J., absent.