**BIG D ENTERPRISES, INC., Appellant,**

v.

**OKLAHOMA TAX COMMISSION, Appellee.**

No. 82797.

Court of Appeals of Oklahoma, Division No. 3.

Feb. 21, 1995.

As Corrected April 17, 1995.

Rehearing Denied April 18, 1995.

Shelton E. Sargent, Fort Smith, AR, for appellant.

David Hudson and David Allen Miley, Oklahoma Tax Com'n, Oklahoma City, for appellee.

## OPINION

ADAMS, Judge:

The single issue presented in this appeal is whether the Oklahoma Tax Commission properly determined that a note issued by Big D Enterprises, Inc. and payable to Merchants National Bank of Fort Smith, Arkansas should be classified as capital for franchise tax purposes under 68 O.S.1991 § 1209(a). We affirm because the Commission's order is supported by substantial evidence and is not contrary to law.

### Facts

Big D, an Arkansas corporation, issued the note for $1,900,000.00 on February 2, 1988. Big D was to make thirty-five monthly payments of $17,409.80, and the entire principal balance and accrued interest was payable on February 3, 1991. Big D deducted the indebtedness from its franchise tax base on its 1988–1989, 1989–90, and 1990–1991 franchise tax returns.

In 1990, the Commission conducted a field audit of Big D, noted the loan, and learned that Big D had restructured much of its debt from long-term obligations to short-term obligations. By a letter dated November 27, 1990, the Commission notified Big D it proposed reclassifying the loan as capital, rather than short-term debt, and assessing additional franchise tax of $2,375.00 plus penalties and interest based on the reclassified sum. Big D filed a protest on December 26, 1990.

Meanwhile, Big D provided the lending bank with a $250,000 mortgage on corporate assets as additional collateral, and Big D stipulated that it had no defense, offset or counterclaim to the note. The agreement extended the time for paying $1,796,279.05 of the principal and the accrued interest from the 1988 note to February 3, 1994. The extension agreement, which was signed on March 4, 1991, was effective retroactive to February 3, 1991.

The parties submitted the tax protest on stipulated facts and briefs. The administrative law judge (ALJ) reviewing the protest noted that balance sheets submitted with Big D's franchise tax returns showed its current indebtedness rose from $960,000.00 as of September 30, 1987, to $4,682,823.00 as of September 30, 1989, while long-term debt dropped during that same time period from $4,117,435.00 to $17,635.00. The ALJ found that although Big D conducted negotiations and was required to give additional collateral, the loan, as extended, represented capital which should be included in the franchise tax base. The ALJ recommended denial of the

protest and assessment of franchise tax, interest and penalties on the re-classified amount. The Commission adopted those findings, and this appeal followed.

### The Appeal

 Big D argues the Commission erred in reclassifying the loan as capital and adding the loan amount to the base subject to franchise tax in Oklahoma because the loan was due in less than three years. Big D argues, in essence, that the extension represented a new indebtedness. In support of its position, Big D points to the fact that the extension was entered into only after negotiations and it had provided additional collateral. Thus, Big D claims, the note represents a three year short-term debt, not capital.

As its principal argument for affirming the order, the Commission contends the extension agreement made the initial note payable more than three years after the date of issue. According to the Commission's argument, this results in treating the unpaid balance as capital for franchise tax purposes. The Commission staff made this argument before the ALJ, although the ALJ's decision was based primarily on examining Big D's business plan.[1]

Although there may be some question whether the Commission may properly re-classify a note which is payable within three years of the date of issue as capital solely because the taxpayer's business plan makes it appear that the note was used to finance long-term investment, we need not decide that issue. It is undisputed that the extension agreement was not a new note but was an agreement to extend the maturity date of the old note. Without considering the purpose for which the note was issued, the undisputed facts required the Commission to conclude that the original note was payable more than three years after the date of issuance.

Under § 1209(a), "capital" includes "the amounts of bonds, noted, debentures or other evidences of indebtedness maturing and payable more than three (3) years after issu-

ance." Big D did not refinance its original note or roll it over into a new obligation, thereby extinguishing its original note, number 11909. Instead, Big D and its lender agreed they would "hereby extend the time of payment of the principal indebtedness of the Note # 11909 or payment until 2/3/94." In so agreeing, note number 11909 became payable six years after issuance, and the unpaid portion of that note became capital under § 1209(a). *Mazzio's Corporation v. Oklahoma Tax Commission,* 789 P.2d 632 (Okla.App.1989).

 On appeals from orders of the Oklahoma Tax Commission, we will review the entire record to determine if the Commission's findings and conclusions set forth in the order are supported by substantial evidence. *Dugger v. State, ex rel. Oklahoma Tax Commission,* 834 P.2d 964 (Okla.1992). We will not substitute our judgment for that of the Commission on disputed questions of fact unless the Commission's findings are contrary to law or unsupported by substantial evidence. *See MCI Telecommunications Corp. v. State,* 823 P.2d 351 (Okla.1991).

The Commission's order treating the unpaid balance of note number 11909 as capital is supported by substantial evidence and is not contrary to law. The Commission's order is affirmed.

AFFIRMED.

HUNTER, J., and GARRETT, C.J., concur.

---

1. The Commission staff also argued that Big D's business plan made this note capital, but concede on appeal that if this note had been paid when originally due, it could not be treated as capital.