**2005 OK CIV APP 6**

**In the Matter of the INCOME TAX PROTEST OF F & M BANCORPORATION AND SUBSIDIARIES.**

**F & M Bancorporation and Subsidiaries, Appellant,**

v.

**Oklahoma Tax Commission, Appellee.**

**No. 99,331.**

Court of Civil Appeals of Oklahoma, Division No. 1.

April 23, 2004.

Rehearing Denied June 16, 2004.

Certiorari Denied Jan. 10, 2005.

---

Len Cason, J. Christian Guzzy, Hartzog, Conger, Cason & Neville, Oklahoma City, OK, for Appellant.

Douglas B. Allen, General Counsel, J.L. Miller, Assistant General Counsel, Lyn Martin–Diehl, Assistant General Counsel, Oklahoma Tax Commission, Oklahoma City, OK, for Appellee.

Opinion by KENNETH L. BUETTNER, Presiding Judge.

¶ 1 The Oklahoma Tax Commission (OTC) issued a proposed assessment for additional income tax against F & M Bancorporation and Subsidiaries (Taxpayer) on August 15, 2000 for tax years 1993, 1994, 1996, 1997 and 1998. OTC admittedly changed its legal theory from inclusion of omitted dividend income to excluding expenses, and issued a revised proposed assessment April 19, 2002 for a different amount and for tax years 1993, 1994, 1996 and 1997. Taxpayer claims the second proposed assessment was time barred. We agree and reverse the order of the Oklahoma Tax Commission.

¶ 2 The first proposed assessment concerned one of the subsidiaries, F & M Holding. OTC proposed additional taxes based on the failure to include certain dividend income. After discovery, OTC conceded that F & M Holding did not have dividend income taxable in Oklahoma because on April 9, 2002, OTC wrote a status report to the Administrative Law Judge stating to her that it had notified Taxpayer's counsel that it was revising its assessment to reflect a different theory of legal liability and that the amount would remain "virtually" unchanged, although penalty and interest would be updated. It then requested that the briefing and hearing dates be stricken, stated that Taxpayer might require more discovery time and that it anticipated the assessment would be provided to Protestant on or before April 15, 2002. The revised proposed assessment is dated April 19, 2002.

■ ¶ 3 OTC has three years in which to assess a tax, unless prior to the expiration of that time OTC and the taxpayer consent in writing to extend that time or in case of fraud or failure to file a return. 68 O.S.1991 § 223.[1] A proposed assessment tolls the statute of limitations. *In the Matter of the Income Tax Protest of Griffin Television, Inc.,* 1994 OK 35, 877 P.2d 588.

¶ 4 Taxpayer prevailed on the first proposed assessment (total amount due $106,497) by virtue of OTC's abandonment of its legal theory of liability and the amount. The contention on appeal is whether the second proposed assessment is an amended or a new proceeding. If new, the statutory period for assessment had run and OTC was time barred from attempting to propose any assessment for the years in question.

■ ¶ 5 On review of orders of the Oklahoma Tax Commission, ". . . we will review the entire record to determine if the Commission's findings and conclusions set forth in the order are supported by substantial evidence." *Big D Enterprises, Inc. v. Oklahoma Tax Commission,* 1995 OK CIV APP 32, ¶ 10, 895 P.2d 743, 745. "We will not substitute our judgment for that of the Commission on disputed questions of fact unless

---

1. The 3 year time period runs from the due date of the return or the date filed, whichever is later.

the Commission's findings are contrary to law or unsupported by substantial evidence." *Id.*

¶ 6 OTC relies on *Protest of Pentecost & Hodges*, 1940 OK 32, 98 P.2d 606. In that case, the question was the characterization of money received by the taxpayer for drilling oil and gas wells. Instead of being paid directly for the costs of drilling, the taxpayer agreed to be paid a percentage of production. OTC claimed the money was gross income subject to a portion being treated as return of capital. The taxpayer argued that there was no gross income until invested capital was returned. The Oklahoma Supreme Court sided with the taxpayer. It was in response to an argument by taxpayer that OTC had changed its method of assessment which was barred by limitations that the Supreme Court said:

> Assuming that the Commission by its second proposal did adopt a plan or method of assessment wholly unlike that pursued in the first proposal, both proposals related to the same income, and the last thereof can be considered in no other manner than a mere amendment of the first. The mere change in the process or plan of calculation cannot give to the last proposal the character of a new proceeding.

1940 OK at ¶ 25, 98 P.2d at 609. Neither the parties nor the court described the different methods of assessment. However, we must assume that the theories related to the same funds received by the taxpayer for drilling wells and how those funds were characterized. In such event, the theory as to how certain receipts were characterized could be amended or changed without running afoul of the § 223 limitations period. It should also be noted that the court also mentioned that the taxpayer's time period for protesting the assessment was still open when OTC amended the assessment.[2]

¶ 7 In *Griffin, supra,* the Oklahoma Supreme Court held that the Legislature acquiesced in the court's announcement in *Pentecost* regarding the construction of the statute of limitations. The court also reiterated the general principle that the "Due Process and Commerce Clauses of the United States Constitution generally prohibit a state from taxing income earned outside its borders." 877 P.2d at 591.

¶ 8 Applying *Pentecost* and *Griffin* to this case results in holding that the second assessment did not involve the "same income" as the first assessment. The dividend income earned by the Delaware subsidiary was not subject to taxation by Oklahoma. Thus, that income could not have been the subject of the second assessment. Rather, OTC changed its focus from the out of state dividend income to the proper amount of taxation on the Oklahoma income. This was a substantive change in assessment, not an amendment, and therefore was barred by the § 223 limitations period.

¶ 9 Taxpayer also raises issues on appeal with respect to ambiguity in the statutory language of "revised" assessment and that principles of fairness and due process should not permit the OTC to continue with the assessment. Because of our determination that OTC erred in allowing the second proposed assessment, we decline to address those issues.

¶ 10 The order of the Oklahoma Tax Commission is REVERSED and the case is REMANDED with directions to proceed in conformance with this opinion.

ADAMS, J., and JONES, J., concur.

---

**2.** This factor has reduced importance due to *Ladd Petroleum Corporation v. Oklahoma Tax Commission,* 1980 OK 159, 619 P.2d 602.