2012 OK 112

In the Matter of the ESTATE OF Patricia BELL–LEVINE, Deceased,

The Estate of Patricia Bell–Levine, Appellee,

v.

State Of Oklahoma, ex rel., Oklahoma Tax Commission, Appellant.

No. 106,821.

Supreme Court of Oklahoma.

Dec. 18, 2012.

Charles N. Woodward, Lisle & Woodward, Oklahoma City, Oklahoma, for Appellee.

Robert J. Hays, Hayes & Gordon, PLLC, Chickasha, Oklahoma, for Appellee.

Marjorie L. Welch, Julie M. Ezell, Geoffrey D. Long, Oklahoma Tax Commission, Oklahoma City, Oklahoma, for Appellant.

### Facts and Procedural History

GURICH, J.

¶1 Patricia Bell–Levine died testate on April 9, 2006. Decedent's son, Michael Allen Bell filed a probate proceeding in Grady County on May 18, 2006. Bell was appointed personal representative of the estate without objection. On September 12, 2008, Bell filed a Petition for Release of Estate Tax Liability, which sought a determination from the trial judge that no estate tax was due. Following the procedure outlined in 58 O.S.2001 282.1, Bell set the matter for hearing and served notice on the Tax Commission.[1] The Tax Commission filed an objection to the petition based solely on Decedent's unpaid income tax liabilities. The Tax Commission

---

1. Title 58 O.S.2001 282.1 reads:

If it appears there is no possibility that estate tax is due under the provisions of Sections 801 et seq. of Title 68, the executor or administrator of an estate or a surviving joint tenant or remainderman may request the district court to enter an order releasing estate tax liability. Such request may be included in a petition for distribution, in a petition to judicially determine the death of a joint tenant or life tenant or may be made by separate petition. Such request shall be set for hearing and notice thereof shall be given by certified mail to the Tax Commission at least thirty (30) days before the hearing. The notice shall have attached thereto a statement, verified by the requesting party, containing the description of the property claimed not to be subject to taxation, the recipient thereof, their relationship to the deceased, and an estimate of the value of the property. The Tax Commission may appear at such hearing to object to the issuance of such order, or may file a written objection with the court. If the court finds that no possibility of tax liability exists under the provisions of Sections 801 et seq. of Title 68, it shall issue an order releasing estate tax liability as to the property described in the notice. Such order shall have the same legal effect as a release or waiver from the Tax Commission, and shall be a final order on the issue of estate tax liability of such estate as to the property described in the notice and order. If the court finds there is a possibility that tax liability exists, it shall refer such matter to the Tax Commission and the determination of tax liability or absence thereof shall proceed as in other cases. For deaths occurring on or after January 1, 2010, no release of estate tax liability is necessary pursuant to Section 5 of this act.

also presented a Notice of Outstanding Tax Liability in the probate case, which reflected an income tax debt of $11,133.00 for the years 1978–1985, and $603.00 for years 1992, 1997, and 1998.[2] Together with penalties and interest, the Tax Commission alleged Decedent had accumulated an income tax obligation of $57,182.58 and urged the trial court to require payment of all unpaid income taxes prior to allowing any distribution of estate assets.

¶ 2 Bell responded to the Tax Commission's pleadings, filing an Objection to Notice of Outstanding Tax Liability. Bell argued that the ten-year limitation period in 68 O.S. 2001 223(A) barred the Tax Commission's efforts to collect the 1978–1985 tax debt by pursuing the claim in Decedent's probate proceeding. Nevertheless, Bell voluntarily paid the tax bill for the years 1992, 1997, and 1998, utilizing a payment option specified in the Clean Slate '08 Voluntary Compliance Initiative.[3] Bell's objection did not challenge the Tax Commission's assessment of the 1978–1985 income tax liability; rather his protest relied solely on the ten-year limitation period in 68 O.S.2001 223(A).

¶ 3 Despite the Tax Commission's objection, the trial judge sustained Bell's petition, finding no estate tax liability. An Order Releasing Estate Tax Liability was filed on November 10, 2008, but it did not determine the validity of the alleged income tax debt. After a subsequent hearing, the trial judge entered an order on January 8, 2009, concluding the tax assessments for 1978 through 1985 could not be collected in the probate proceeding because of the limitations period in 68 O.S.2001 223(A).

¶ 4 The Tax Commission appealed the January 8, 2009 order.[4] COCA reversed, holding (1) Article 5, § 53 of the Oklahoma Constitution forbids the Legislature from enacting any law which releases or extinguishes a debt owed to the State of Oklahoma; (2) 68 O.S. 2001 223(A) must be interpreted as a statute of limitations, which extinguishes only the remedy, not the underlying tax obligation; and (3) the existing tax debt could be collected in the probate proceeding according to the terms of decedent's will and the statutory requirements imposed by 58 O.S.2001 591 and 58 O.S.2001 635 of the probate code. Bell petitioned this Court for review, and we granted certiorari on May 3, 2010, to address this first-impression controversy.

### Standard of Review

¶ 5 Whether the time limit of 68 O.S.2001 223(A) prohibits collection of outstanding income tax liability through a probate proceeding after passage of the ten-year limitations period presents a question of law which we review de novo. *Duncan v. Okla. Dept. of Corrections*, 2004 OK 58, ¶ 3, 95 P.3d 1076, 1078. Likewise, whether the terms of 68 O.S.2001 223(A) violate Article 5, § 53 of the Oklahoma Constitution by extinguishing a debt owed to the state, also presents a question of law, reviewable under the de novo standard. *EOG Res. Mktg., Inc. v. Okla. State Bd. of Equalization*, 2008 OK 95, ¶ 13, 196 P.3d 511, 518–19. The de novo standard necessitates a plenary, independent, and non-deferential examination of the trial court's legal rulings. *White v. Heng Ly Lim*, 2009 OK 79, ¶ 2, n. 5, 224 P.3d 679, 681.

### Analysis

¶ 6 This case requires us to interpret and balance three statutory provisions: 68 O.S.

2. The briefs filed on behalf of the estate and the trial judge's order only reference unpaid taxes for the years 1978 through 1984. Because the Tax Commission records reveal 1985 taxes are included in the delinquent taxes, we will reference taxes due as those from 1978 through 1985.

3. The Clean Slate '08 program, codified at 68 O.S.Supp.2008 216.3, was an effort to encourage voluntary payment of taxes owed to the state. It provided a limited period of time for those with outstanding tax liabilities to pay those amounts or file past due tax returns free of penalty, interest, and collection fees. Interestingly, the Clean

Slate notice for Patricia A. Bell referenced only the taxes due for the years 1992, 1997, and 1998. This appears to be a tacit admission that the earlier liabilities were barred by the applicable limitation period. As further evidence the Tax Commission recognized 68 O.S.2001 223(A)'s application to Decedent's tax debt, a warrant filed on January 16, 2008, included only the assessed amounts for 1996 and 1997.

4. COCA correctly held the January 8, 2009 order, qualified as an appealable interlocutory order under 58 O.S.2001 721(7) and (10).

2001 223(A), 58 O.S.2001 635, and 58 O.S.2001 591. It also mandates consideration of these sections in light of Article 5, § 53 of the Oklahoma Constitution.

¶ 7 Bell maintains that the plain language of 68 O.S.2001 223(A)—which authorizes taxes to be collected through a court proceeding only if commenced within ten (10) years after an assessment of tax has become final—applies to all court proceedings, regardless of who initiates the action. According to Bell, because a probate matter is a court proceeding, the plain terms of 68 O.S.2001 223(A) prohibit any efforts to collect the Decedent's tax liability through the probate case. Further, Bell asserts the delinquent taxes are not an enforceable debt of the estate. Because both 58 O.S.2001 591 and 58 O.S.2001 635 apply to income and estate taxes *due* the state, Bell claims the probate code does not mandate payment of a debt otherwise barred by the applicable statute of limitations.

¶ 8 The Tax Commission argues that 68 O.S.2001 223(A) places a ten-year limitation solely upon the issuance of a tax warrant or a court proceeding which the *agency initiates* against a taxpayer. Further, the Tax Commission contends that the limitation period does not preclude collection by other methods, including through submission of a claim in a probate proceeding.[5] Finally, the Tax Commission contends the application of 68 O.S.2001 223(A) extinguishes Decedent's tax debt in violation of Article 5, § 53 of the Oklahoma Constitution.

### 68 O.S.2001 223 (A) Does Not Extinguish a Debt to the State in Violation of Article 5, § 53

¶ 9 Article 5, § 53 provides:

Except as to tax and assessment charges against real property remaining delinquent and unpaid for a period of time as long or longer than that provided by law to au-

thorize the taking title to real property by prescription, the Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liabilities, or obligations of any corporation or individual, to this State, or any county or other municipal corporation thereof.

The relevant portion of 68 O.S.2001 223(A) reads as follows:

No assessment of any tax levied under the provisions of any state tax law except as provided in this section, shall be made after the expiration of three (3) years from the date the return was required to be filed or the date the return was filed, whichever period expires the later, and no proceedings by tax warrant or in court without the previous assessment for the collection of such tax shall be begun after the expiration of such period.... *If the assessment has been made within the limitation period set forth in this subsection, the tax may be collected by tax warrant or court proceeding, but only if the tax warrant is issued or the proceeding begun within ten (10) years after the assessment of the tax has become final.* (emphasis added).

A legislative enactment that neither extinguishes nor releases an obligation owed to the state does not conflict with the terms of Article 5, § 53 of the Oklahoma Constitution. *See, e.g., Charles Banfield Co. v. State of Okla. ex rel. Fallis*, 1974 OK 92, ¶ 21, 525 P.2d 638, 640 (holding a dormancy statute extinguishing a lien terminated the remedy not the underlying obligation, and did not violate Article 5, § 53). Legislative enactments are presumed constitutional. *Jacobs Ranch, L.L.C. v. Smith*, 2006 OK 34, ¶ 18, 148 P.3d 842, 848. When feasible, this Court construes statutes in a manner "so as to uphold their constitutionality." *Rural Water*

---

**5.** The Tax Commission urges 68 O.S.2001 223(A) does not limit its (1) ability to intercept an individual's tax refund to satisfy outstanding income tax liability, 68 O.S. Supp.2006 205.2, OKLA. ADMIN. CODE § 710:50–11–5, et seq.; (2) statutory authority to demand tax compliance as a condition of employment with the state, *68 O.S. Supp.2005 238.2*, OKLA. ADMIN. CODE § 710:95–11–1, et seq.; (3) right and require-

ment to demand tax compliance as a condition of obtaining or renewing a professional license, 68 O.S.2001 238.1, OKLA. ADMIN. CODE § 710:95–9–1, et seq.; (4) right to accept payment of tax liability in a foreclosure, quiet title, or bankruptcy proceeding; or (5) right to enjoin business operations for failure to file or remit sales and withholding taxes pursuant to 68 O.S. 2001 232.

*Sewer and Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. City of Guthrie,* 2010 OK 51, ¶ 15, 253 P.3d 38, 45 (internal citation omitted).

■ ¶ 10 We have previously applied statutory limitation periods to preclude claims raised by the State of Oklahoma. For example, in *State of Oklahoma ex rel. Central State Griffin Memorial Hospital v. Reed,* 1972 OK 14, 493 P.2d 815, we determined a state claim for medical expenses incurred by a decedent's wife was barred from collection under the probate code. In that case, a state medical provider presented a claim for outstanding bills more than three years after the administrator published notice to creditors. *Id.* ¶ 12, 493 P.2d at 817. In defense of its claim for repayment, the state alleged it was immune from application of the time limits imposed by 58 O.S.1961 333.[6] *Id.* ¶ 13, 493 P.2d at 817. Rejecting this argument, we concluded the legislative body intended for the procedures and time limits for creditor's claims to apply equally to the State of Oklahoma. *Id.* ¶ 19, 493 P.2d at 818–819.

¶ 11 In *City of Claremore v. Okla. Tax Comm'n,* we held a statutory time limit for assessing sales taxes was binding on the State and did not offend the Oklahoma Constitution.[7] *City of Claremore v. Okla. Tax Comm'n,* 1946 OK 122, ¶¶ 26–33, 197 Okla. 223, 169 P.2d 299, 304–05; *see also In re Income Tax Protest of F & M Bancorporation and Subsidiaries,* 2005 OK CIV APP 6, ¶ 8, 105 P.3d 837, 839 (applying the 68 O.S. 2001 223 time limit to prohibit the Tax Commission from attempting to assess tax liability more than three years from the date of filing the relevant tax returns).[8]

■ ¶ 12 The purpose behind Article 5, § 53 was to eliminate the passage of special laws designed to exonerate political constitu-

ents from public debt. *see State ex rel. Schones v. Town of Canute,* 1993 OK 90, 858 P.2d 436, 442–443 (Opala, J., dissenting ¶ 5) (decision abrogated by statute); *see also* 20 C.J.S. § 319, n. 16 (2012). Title 68 O.S.2001 223(A) is clearly not such an enactment. The provision is a statute of limitations, which merely withholds a party's remedy; it does not destroy the underlying claim or debt.[9] Because 68 O.S.2001 223(A) does not extinguish Decedent's tax obligation, its terms do not transgress Oklahoma's constitutional restrictions.

### 58 O.S.2001 591 and 58 O.S.2001 635 Do Not Require Payment of a Debt Otherwise Barred by the Statute of Limitations

■ ¶ 13 We next address the interplay among 68 O.S.2001 223(A), 58 O.S.2001 635, and 58 O.S.2001 591. When interpreting an apparent conflict or inconsistency among multiple statutory enactments dealing with the same subject matter, we are required to view them "together as a harmonious whole so as to give effect to each provision." *McNeill v. City of Tulsa,* 1998 OK 2, ¶ 9, 953 P.2d 329, 332 (citing *Abbott v. Board of Trustees of Oscar Rose Junior College,* 1978 OK 129, ¶ 7, 586 P.2d 1098, 1101).

■ ¶ 14 Although at first blush there appears to be a conflict among these provisions, no conflict exists when the statutes are viewed as a whole. The period of limitation in 68 O.S.2001 223(A) specifically operates to bar the collection of assessed taxes through a court proceeding if the proceeding is not commenced within ten years of the assessment. The Tax Commission did not perfect a tax warrant or attempt to collect the 1978–1985 liability in a court proceeding within ten years of the assessment. Although barred

---

6. The Tax Commission has not alleged that it is immune from application of 68 O.S.2001 223(A). Prior decisions of this Court have declined to impose a time limit on claims of "a government entity seeking in its sovereign capacity to vindicate public rights." *see Oklahoma City Mun. Imp. Authority v. HTB, Inc.,* 1988 OK 149, ¶ 5, 769 P.2d 131, 133. However, where the Legislature has expressly indicated its intention to impose a time limit against the state, application of this principle is unwarranted. *see Reed,* 1972 OK 14, ¶¶ 16–18, 493 P.2d 815, 818.

7. The Tax Commission's own regulations recognize the time limits for assessing tax liability under 68 O.S.2001 223(A). OAC § 710:50–5–12.

8. This Court denied certiorari on January 10, 2005.

9. *See Cole v. Silverado Foods, Inc.,* 2003 OK 81, ¶ 10, n. 23, 78 P.3d 542, 547.

from filing its own court proceeding, the Tax Commission suggests its right to litigate the claim was somehow revived by Bell's subsequent filing of Decedent's probate proceeding in 2006.

¶ 15 While the probate of an individual's estate is a court proceeding, the Bell probate proceeding was not filed within the ten-year statute of limitations. To hold that the probate code requires payment of a decedent's tax liability, regardless of the time limit imposed by the Legislature in 68 O.S.2001 223(A), would render the terms of that statute meaningless. We decline to adopt such an interpretation.

 ¶ 16 This Court's decision in *Brogden v. Baugh*, 1936 OK 244, ¶ 23, 176 Okla. 339, 55 P.2d 994, 997, further supports our reading of these statutes. In *Brogden* we said the purpose of 58 O.S.2001 591 "is to establish *priority* of legal and enforceable debts against the estate of a deceased person, and [it] does not create liability." *Id.* ¶ 22, 55 P.2d at 997 (emphasis added). A claim against a decedent's estate cannot properly be allowed unless the debt originally created remains enforceable. *Id.* ¶ 23, 55 P.2d at 997. A debt barred by the statute of limitations cannot form the basis of a claim presented in a probate estate. *Id.* As in *Brogden*, the Tax Commission cannot circumvent the time constraints of 68 O.S.2001 223(A), by attempting to assert a claim in Decedent's probate case; such a demand is not permissible unless the debt originally created remains enforceable.

### Conclusion

¶ 17 We conclude that 68 O.S.2001 223(A) is a statute of limitations and does not extinguish the underlying debt to the state, and that neither 58 O.S.2001 591 nor 58 O.S.2001 635 of the probate code require payment of a debt otherwise barred by the statute of limitations. The trial judge correctly determined 68 O.S.2001 223(A) precludes collection of Decedent's outstanding income tax liability through the Grady County probate proceeding.

THE COURT OF CIVIL APPEALS' OPINION VACATED; DISTRICT COURT'S FEBRUARY 3, 2009 ORDER REINSTATED; MATTER REMANDED FOR FURTHER PROCEEDINGS

¶ 18 WINCHESTER, EDMONDSON, REIF, COMBS, GURICH, JJ., Concur.

¶ 19 KAUGER, J., concurs in result.

¶ 20 TAYLOR, C.J., COLBERT, V.C.J., WATT, J., dissent.