OSCN Found Document:WINHAM v. REESE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 WINHAM v. REESE
2017 OK CIV APP 18
Case Number: 114479
Decided: 03/09/2017
Mandate Issued: 04/17/2017
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2017 OK CIV APP 18, __ P.3d __

 



BILLIE WINHAM, an individual, Plaintiff/Appellant,
v.
JOE REESE, M.D., an individual; and THOMAS DAVID SCHILLER, M.D., an individual, Defendants/Appellees,
and
SAINT FRANCIS HOSPITAL, INC., an Oklahoma corporation; SAINT FRANCIS HEALTH SYSTEM, INC., an Oklahoma corporation; GASTROENTEROLOGY SPECIALISTS, INC., an Oklahoma corporation; SURGICAL ASSOCIATES, INC., an Oklahoma corporation; MICHAEL W. GRIFFIN, D.O., an individual; and WARREN CLINIC, INC., an Oklahoma corporation, Defendants.





APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA


HONORABLE MARY F. FITZGERALD, TRIAL JUDGE





AFFIRMED





Kris Ted Ledford, LEDFORD LAW FIRM, Owasso, Oklahoma, for Plaintiff/Appellant
Marthanda J. Beckworth, Rachael F. Hughes, ATKINSON, HASKINS, NELLIS, BRITTINGHAM, GLADD & FIASCO A PROFESSIONAL CORPORATION, Tulsa, Oklahoma, for Defendants/Appellees Warren Clinic, Inc. and Joe Reese
Galen L. Brittingham, James N. Edmonds, ATKINSON, HASKINS, NELLIS BRITTINGHAM, GLADD & FIASCO, A PROFESSIONAL CORPORATION, Tulsa, Oklahoma, for Defendants/Appellees Thomas David Schiller, M.D. and Gastroenterology Specialists, Inc.







JOHN F. FISCHER, JUDGE:



¶1 Appellant Billie Winham appeals an order granting summary judgment in favor of Joe Reese, M.D. and Thomas David Schiller, M.D. The appeal has been assigned to the accelerated docket pursuant to Oklahoma Supreme Court Rule 1.36(b), 12 O.S. Supp. 2013, ch. 15, app. 1, and the matter stands submitted without appellate briefing. Because the expert witness tendered by Ms. Winham was not qualified to offer an opinion regarding the negligence of the physician defendants, the district court did not err in granting their motion for summary judgment and we affirm.


BACKGROUND


¶2 Ms. Winham underwent surgery in 2011 to remove a suspected bile duct stone. The surgery was performed by Dr. Schiller. Dr. Schiller performed an endoscopic retrograde cholangiopancreatography (ERCP) which is a diagnostic tool used to view and diagnose problems in the system of vessels between the gallbladder, pancreas, and duodenum. The ERCP procedure allows the gastroenterologist to proceed with further treatment, such as the endoscopic sphincterotomy at issue in this case.


¶3 Complications arose during Ms. Winham's procedure and she was hospitalized. Tests showed a possible perforation of her duodenum and she underwent additional surgery. Ms. Winham's post-operative care was provided by Dr. Schiller and Dr. Reese, among others who are not parties to this appeal.


¶4 Ms. Winham was readmitted to the hospital five times after her initial surgery. During this time she was often confused, disoriented and agitated. During each of her admissions she was seen by a number of physicians, including Dr. Reese. Her doctors determined that she had developed abscesses in her abdomen and was malnourished and suffering from dementia. She was eventually moved to a skilled nursing facility.


¶5 Ms. Winham filed suit, alleging that Dr. Schiller and Dr. Reese were negligent and did not satisfy the standard of care during her initial surgery and her post-operative care. Ms. Winham intended to offer the testimony of Dr. Bernard M. Jaffe as her medical expert. Dr. Schiller filed a motion in limine and a Daubert challenge to exclude and/or limit Dr. Jaffe's testimony, arguing that Dr. Jaffe was not qualified to testify as to the standard of care applicable to Dr. Schiller since Dr. Jaffe was not trained to and had never performed the procedure at issue. Further, Dr. Schiller argued that Dr. Jaffe's testimony was conjecture and was not reliable under a Daubert analysis. Dr. Reese filed a motion in limine to strike and/or limit the testimony of Dr. Jaffe and a motion for summary judgment. Dr. Reese asserted that Dr. Jaffe's testimony was not competent to prove either a breach of the standard of care or causation.


¶6 The district court granted Dr. Schiller's and Dr. Reese's motions in limine, limiting Dr. Jaffe's testimony to the standard of care for a "physician in general" and excluding any testimony regarding the standard of care for a specialist in internal medicine or gastroenterology. On the day of trial, Dr. Schiller and Dr. Reese re-urged their motions for summary judgment and the district judge granted them, finding that Dr. Jaffe was not qualified to present expert opinion testimony as to a breach of the standard of care for specialists. Appellant appeals.


STANDARD OF REVIEW


¶7 When deciding a motion for summary judgment, the district court considers factual matters but the ultimate decision is purely legal. Carmichael v. Beller, 1996 OK 48, ¶ 2, 914 P.2d 1051. Issues of law are reviewed pursuant to the de novo standard of review. Brown v. Nicholson, 1997 OK 32, n.1, 935 P.2d 319. De novo review involves a plenary, independent, and non-deferential examination of the trial court's rulings of law. In re Estate of Bell-Levine, 2012 OK 112, ¶ 5, 293 P.3d 964. "The judgment sought should be rendered if the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." 12 O.S.2011 § 2056(C).


ANALYSIS


¶8 Appellant argues that the district court erred in ruling that their expert was not qualified to render expert opinion testimony regarding the breach of standard of care for a specialist in gastroenterology. 76 O.S.2011 § 21 provides that a presumption of negligence arises if:




1. The plaintiff sustained any injury;
2. Said injury was proximately caused by an instrumentality solely within the control of the defendant or defendants; and
3. Such injury does not ordinarily occur under the circumstances absent negligence on the part of the defendant.


If any such fact, in the discretion of the court, requires a degree of knowledge or skill not possessed by the average person, then in that event such fact must be established by expert testimony.




¶9 The Oklahoma statute governing expert testimony is 12 O.S. Supp. 2013 § 2702. It states:




If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise, if:
1. The testimony is based upon sufficient facts or data;
2. The testimony is the product of reliable principles and methods; and
3. The witness has applied the principles and methods reliably to the facts of the case.




¶10 The standard for determining the admissibility of expert testimony in civil proceedings set forth in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S. Ct. 2786 (1993) and Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 119 S. Ct. 1167 (1999) was adopted by the Oklahoma Supreme Court in Christian v. Gray, 2003 OK 10, 65 P.3d 591. The district court must first determine whether the expert is qualified to render an opinion by knowledge, skill, experience, training, or education and then determine whether the expert's opinion is reliable. "The inquiry is a flexible one, and focuses on the evidentiary relevance and reliability underlying the proposed submission, and not on the conclusions they generate." Gray, 2003 OK 10, ¶ 8 (citation omitted).


I. Reliability of Expert Testimony as to Dr. Schiller


¶11 The record establishes that Dr. Jaffe is a professor of surgery and retired general surgeon. He has years of experience performing open surgery, but lacks experience with endoscopic surgical procedures. In particular, he has never performed an ERCP with endoscopic sphincterotomy, the surgical procedure at issue in this case and was not qualified by training or experience to do so.


¶12 Dr. Schiller is a board certified gastroenterologist. He began treating Ms. Winham in the summer of 2011 after she received emergency room treatment for vomiting, diarrhea and lower abdominal pain. Diagnostic testing revealed that Ms. Winham's common bile duct was dilated. A magnetic resonance cholangiopancreatography (MRCP) revealed a "4-mm round filling defect identified distally within the dilated common duct, which is suspicious for a small stone." Based on Ms. Winham's symptoms, medical history, and the MRCP results, Dr. Schiller recommended an ERCP as the best course of treatment. Dr. Schiller has performed this particular procedure over a thousand times.


¶13 Ms. Winham relies on Lounds v. State ex rel. Department of Veterans Affairs, 2011 OK CIV APP 54, 255 P.3d 460, for her assertion that Dr. Jaffe's opinion is qualified, despite his lack of experience with ERCP and with endoscopic sphincterotomy. Lounds was a medical negligence case involving a nursing home operated by the Oklahoma Department of Veterans Affairs. The plaintiff's expert was a board-certified physician whose practice consisted of a majority of patients age 65 or older and periodically provided medical care to nursing home residents. The State sought to exclude the expert's testimony because he was not qualified to testify with regard to the "nursing home standard of care". Id. ¶ 3. The Court of Civil Appeals held that the expert was "qualified to testify as to the appropriate methods of diagnosing, monitoring, treating, and providing daily care to geriatric patients . . . ." Id. ¶ 22.


¶14 This case is distinguishable from Lounds. The physician in Lounds had cared for elderly patients and nursing home patients and was therefore qualified to testify as to the standard of care for nursing home residents. However, Dr. Jaffe's experience with open surgery does not qualify him as to this surgical specialty to testify as to the appropriate methods for performing an endoscopic surgical procedure. An ERCP with endoscopic sphincterotomy is a specialized procedure which Dr. Jaffe is not qualified to perform and he was unable to provide an objective basis for his opinion that Dr. Schiller performed the procedure negligently, other than his own experience with open surgery. Dr. Jaffe lacks the qualifications to offer a reliable opinion as to Dr. Schiller's alleged negligence.


II. Causation Testimony as to Dr. Reese


¶15 Ms. Winham offered Dr. Jaffe's expert opinion on Dr. Reese's negligence during her post-operative care. The record demonstrates that Dr. Jaffe is experienced in post-operative care and treating patients who had conditions and needs similar to Ms. Winham. However, 76 O.S.2011 § 21 also requires that Ms. Winham prove that Dr. Reese caused her injury.


¶16 Ms. Winham claims that Dr. Reese misdiagnosed her post-operative delirium as dementia and, therefore, caused the resulting mental deterioration. In his deposition, Dr. Jaffe critiqued Dr. Reese's treatment plan and opined that Dr. Reese should have ordered a Doppler of Ms. Winham's carotid artery to ensure that there was no disturbance to the blood flow to her brain. He recognized that Dr. Reese did order an EEG, but thought it should have been ordered earlier in her treatment. Dr. Jaffe was reluctant to admit that a neurological exam had taken place at all, and eventually conceded that it was done, but was "incomplete".


¶17 However, when asked about causation, Dr. Jaffe admitted that these recommended treatments would not have changed the outcome for Ms. Winham. When tested, her carotid artery showed a mild stenosis, or blockage, but it was not enough to cause Ms. Winham's mental deterioration. An EEG was eventually done and showed no abnormalities. Furthermore, Dr. Jaffe was unable to specifically identify how Dr. Reese was negligent in his care of Ms. Winham.




Q. Okay. So you just, to be totally truthful, and in front of the Jury, if the question was to you, "Can you say what Dr. Reese was negligent in regard to the care and treatment of Billie Winham?", the only thing that you can say is: "I'm comfortable in terms of Dr. Reese's negligence being in regard to his care and treatment of her mental status; but I can't tell you, for sure, in regard to any other aspect of his care and treatment". Is that an accurate statement?


A. Within the framework of a team approach.


Q. Well, when you talk about "within the framework of a team approach", what I hear you saying, when you break that down is, you can't tell what his input, or some other input, was; so you can't specifically say: "Yeah; he messed up here"; is that right?


A. I think I've said that; said what I thought, over, and over, again.




¶18 "[W]hen an expert's opinion relates to causation, reliability of that opinion is provided when the expert's opinion is based upon a reliable method for determining causation and the conclusion is analytically appropriate to that method." Christian v. Gray, 2003 OK 10, ¶ 36, 65 P.3d 591. "The reliability of the method is not shown merely because the expert states that causation exists." Id. (citation omitted). Dr. Jaffe was critical of Dr. Reese's treatment choices during Ms. Winham's care, but he could not provide a reliable method for determining that Dr. Reese's treatment decisions caused Ms. Winham's mental deterioration.


¶19 A district judge must ensure that any and all scientific testimony admitted is both relevant and reliable. Id. ¶ 36 (citing Daubert v. Merrell Dow Pharm., 509 U.S. 579, 589, 113 S. Ct. 2786, 2795 (1993)). "When a trial court determines that the facts are insufficient to show cause in fact because a reasonable person could not believe in the existence of the causal link between injury and facts relating to a defendant's conduct, then the trial court is deciding an issue of law . . . ." Id. ¶ 50. A non-deferential de novo standard is appropriate for an issue of law. Id. ¶ 51.


¶20 In the instant case, the court did not elaborate upon its finding that Dr. Jaffe was not qualified to offer expert testimony as to a breach of the standard of care. We have reviewed the record and conclude that Dr. Jaffe's testimony was insufficient to allow a reasonable juror to find a causal link between Dr. Reese's plan of treatment and Ms. Winham's mental deterioration. The facts presented do not support the conclusion of the expert.


CONCLUSION


¶21 The district court did not abuse its discretion in excluding Dr. Jaffe's testimony. His testimony does not meet the admissibility test set forth in Christian v. Gray with regard to Dr. Schiller and fails to establish causation with regard to Dr. Reese. Therefore, we conclude that the district court was correct in granting summary judgment in favor of Dr. Schiller and Dr. Reese.




¶22 AFFIRMED.





GOODMAN, J., and RAPP, J., concur.








 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2011 OK CIV APP 54, 255 P.3d 460, LOUNDS v. STATE ex rel. DEPT. OF VETERANS AFFAIRS
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1997 OK 32, 935 P.2d 319, 68 OBJ 992, Brown v. Nicholson
Discussed
 2003 OK 10, 65 P.3d 591, CHRISTIAN v. GRAY
Discussed at Length
 1996 OK 48, 914 P.2d 1051, 67 OBJ 1173, Carmichael v. Beller
Discussed
 2012 OK 112, 293 P.3d 964, IN THE MATTER OF THE ESTATE OF BELL-LEVINE
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2056, Motion for Summary Judgment
Cited
 12 O.S. 2702, Testimony by Experts
Cited
Title 76. Torts
 Cite
Name
Level

 76 O.S. 21, Presumption of Negligence
Discussed