Georgia M. JOHNSTON and Wayne F. Johnston, Appellants,

v.

OKLAHOMA TAX COMMISSION, Appellee.

No. 44465.

Supreme Court of Oklahoma.

June 6, 1972.

Loeffler & Allen, Bristow, for appellants.

Albert D. Lynn, Gen. Counsel, Mike Tapp, E. J. Armstrong, E. B. Lee, Oklahoma City, for appellee.

DAVISON, Vice Chief Justice.

We have for decision in this appeal the validity of an additional assessment in the sum of $12.65 made by the Oklahoma Tax Commission against appellants, under the Documentary Stamp Tax Act (68 O.S. Supp.1967, §§ 5101–5107) set forth in relevant parts later in this opinion.

The monetary importance of the decision lies in its application to future transfers of "lands, tenements and other realty" under the provision of § 5101.

Following are the facts which pose the question: By warranty deed appellants conveyed to Johnny L. Spencer certain realty located in Creek County, Oklahoma, for a consideration of $22,500.00. Spencer paid $5000.00 of the consideration in cash and concurrently with the conveyance delivered to appellants the remaining consideration in the form of a promissory note in the sum of $17,500.00 secured by a purchase money mortgage of the same date as appellants' deed to Spencer. The deed and the purchase money mortgage were recorded concurrently in the office of the County

Clerk of Creek County. $1000.00 was paid for other property involved in the same transaction.

The appellants as mortgagees of the purchase money mortgage paid the real estate mortgage tax of $17.50 under 68 O.S.1961, §§ 1901–1910 (Supp.1965). Section 1902 reads:

"All mortgages of real property situated within this state which are taxed by this Article, and the debts and obligations which they secure, together with the paper writings evincing the same, *shall be exempt from ad valorem and all other taxation* by the state, counties, towns, cities, school districts and other local subdivisions of the state, except this Article shall not affect in any manner the collection of any income tax payable in whole or in part from the interest received from such mortgage indebtedness. The exemption conferred by this exemption shall not be construed to impair or in any manner affect the purchaser of real estate which may be sold for non-payment of taxes levied by any local authority." (Emphasis supplied)

That $17.50 is the proper payment under § 1904, which prescribes the amount of the tax, is not questioned. What is questioned by appellants is the additional tax assessed by the Commission under § 5101 of the Documentary Stamp Tax Act, which reads:

"There is hereby imposed on each deed, instrument, or writing by which any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed to or vested in the purchaser or purchasers, or any other person or persons, by his or their direction, when the consideration or value of the interest or property conveyed, *exclusive of the value of any lien or encumbrance remaining thereon at the time of sale,* exceeds One Hundred Dollars ($100.00) a tax at the rate of fifty-five cents ($.55) for each Five Hundred Dollars ($500.00) or fraction thereof." (Emphasis supplied)

Appellants in computing the tax base subtracted the amount of the purchase money note and mortgage ($17,500.00) from the total consideration for the conveyance ($22,500.00) and paid the tax of $6.60 on the tax base of $5000.00. The Commission concluding that § 5101 did not authorize the deduction of the amount of the purchase money note and mortgage ($17,500.00) determined the necessary aggregate amount of documentary stamps to be $19.25. The additional $12.65 was paid under protest by appellants.

The appellants pray that the order of the Commission assessing the additional tax be vacated, that appellants' position be affirmed and that the additional assessment, paid under protest, be returned to appellants.

Our first concern, in considering the questions raised by appellants, is with the nature of the real estate mortgage tax required to be paid as a condition precedent to recordation and with the nature of the tax requiring that documentary stamps in certain amounts be placed upon conveyances of "lands, tenements and other realty."

■ Although the real estate mortgage tax was levied in lieu of "ad valorem and all other taxation by state, counties, towns, cities, school districts and other local subdivisions of the state," we have nevertheless held this tax is not a property tax but a tax upon the privilege of recording "real estate mortgages." Trustees, Executors & Securities Ins. Corp., Ltd., et al. v. Hooten, 53 Okl. 530, 157 P. 293; McGannon, Admx. v. State ex rel. Trapp, et al., 33 Okl. 145, 124 P. 1063. It necessarily follows that the Documentary Stamp Tax Act levies a tax upon the privilege of executing a "deed, instrument or writing" that effects transfers of "land, tenements and other realty."

■ Appellants urge that the purchase money note and mortgage of $17,500.00 was in reality taxed twice—once when the real estate mortgage tax was exacted under 68 O.S.1961, § 1904 (Supp.1965) and

once when documentary stamps were required on the entire consideration for the transfer ($22,500.00) which included the purchase money note and mortgage of $17,500.00. The point is emphasized by appellants that such a consideration of the statutes involved results in violation of Article 10, § 5, of the Oklahoma Constitution requiring that "taxes shall be uniform upon the same class of subjects." This constitutional provision applies to property taxes only. The taxes here involved are privilege taxes. McGannon, supra.

Appellants urge also, in support of their double tax argument, that the Commission's additional assessment for the privilege of executing Spencer's conveyance of "lands, tenements and other realty" is precluded by our statutes levying a tax for the privilege of recording real estate mortgages. It is claimed the applicable language is the emphasized expression in § 1902 quoted above. But the Documentary Stamp Tax Act does not levy a tax upon Spencer's real estate mortgage but upon each instrument that effects a transfer of "lands, tenements or other realty," when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance *remaining thereon at the time of the sale* exceeds One Hundred Dollars ($100.00) a tax at the rate of fifty-five cents ($.55) for each Five Hundred Dollars ($500.00) or fractional part thereof.

The relevant matter is the value of the vendor's interest at the time of the transfer. If vendor at that time has a pre-existing mortgage upon the property about to be transferred, the value of the vendor's interest that is to be transferred is the agreed value of the property less the encumbrance. Hence, we have the language of § 5101 of the Documentary Stamp Tax Act—"exclusive of the value of any lien or encumbrance *remaining thereon* at the time of the sale." (Emphasis supplied) A purchase money mortgage is not an encumbrance remaining on the realty at the time of sale.

Our Documentary Stamp Tax Act is an adoption of the Federal Stamp Tax Act (26 U.S.C.A., §§ 4361–4363) now repealed. Prior to our legislature's adoption of the Federal Act, the Federal courts had interpreted the excluding provisions of the act as not to exclude a purchase money note and mortgage in determining the value of the vendor's interest. See Orpheum Building Company v. Anglim, 9 Cir., 127 F.2d 478; Murray v. Hoey, 32 F.Supp. 1008 (S.D.N.Y.).

We considered the double tax argument in a somewhat similar problem of statutory interpretation presented in Peterson v. Oklahoma Tax Commission, Okl., 395 P.2d 388. There the Motor Vehicle Excise Tax levied by 47 O.S.1951, § 52b, was restricted by § 52e providing that, "The excise tax levied by this act is in lieu of all other taxes * * *." Taxpayer Peterson was in the business of renting or leasing motor vehicles for use in Oklahoma. 68 O.S.1951, § 1251c levied a 2 per cent excise tax "upon the gross proceeds or gross receipts derived from all sales * * *." Section 1251a(c) provided among other things that "the term sale is also declared to include * * * lease or rental of tangible personal property where such * * * lease or rental results is either the transfer of the title or the possession * * *." We held that the restriction of 47 O.S.1951, § 52e, was not intended to pretermit the levy imposed by 68 O.S.1951, § 1251a(c) by adopting as valid the Tax Commission's long standing interpretation. We there said:

"We can only conclude that we should not overturn the Commission's long-continued construction of the tax acts under consideration which, in effect, is: 'The Motor Vehicle Excise Tax Act relates to the registration and/or transfer of legal title to motor vehicles, but does not relate to the leasing or renting of motor vehicles where there is only a transfer of possession; and, that the motor vehicle excise tax is in lieu of all other taxes relating to the registration or transfer of legal title, but is not in lieu of all other taxes where legal title has remained un-

changed and there is only a transfer of possession.' "

For the reasons indicated above, we reject taxpayer's argument that the language of 68 O.S.1961, § 1902, exempting a mortgagee's interest from all other taxation exempts a vendor from paying a stamp tax levied for the privilege of granting, assigning, transferring, conveying or vesting in the purchaser "lands, tenements or other realty," measured by the value of the vendor's interest.

We hold that to base the tax under the Documentary Stamp Tax Act upon the aggregate of the cash consideration for the Spencer deed and the amount of the purchase money note and mortgage and to require payment by the purchase money mortgagee of the real estate mortgage tax does not require the mortgagee to pay the real estate mortgage tax twice and does not violate Article 10, Section 5 of the Oklahoma Constitution.

The order of the Oklahoma Tax Commission assessing the additional tax under 68 O.S.1961, § 5101 et seq. (Supp.1967) is affirmed.

WILLIAMS, JACKSON, IRWIN, HODGES, LAVENDER, McINERNEY and BARNES, JJ., concur.