REVENUE AND TAXATION
As to a real estate mortgage which secures partial payment of a debt or obligation the mortgage registration tax levied by 68 O.S. 1904 [68-1904] (1971), is to be computed by the County Treasurer upon the amount secured thereby. The Attorney General is in receipt of your opinion request wherein, you in effect, ask the following question: When a real estate mortgage instrument recites a total sum of indebtedness greater than that amount secured by the mortgage which amount should be used by the County Treasurer to compute the real estate mortgage registration tax under 68 O.S. 1904 [68-1904] (1971)? Title 68 O.S. 1901 [68-1901] (1971) defines a real estate mortgage as follows: "The words or term 'real estate mortgage' as used in this Article shall be understood to include every species of conveyance intended to secure the payment of money by lien upon real estate. Any contract for the sale of real estate in which title is retained in the vendor for the purpose of enforcing payment of the balance due shall be deemed a mortgage upon real property. If an indebtedness is secured by both real and personal property, said mortgage shall be deemed to be a mortgage on real property for the purpose of this Article. Any contract or agreement by which the indebtedness secured by any mortgage is increased or added to shall be deemed a mortgage of real property for the purposes of this Article and shall be taxable as such upon the amount of such increase or addition." A plain reading of 68 O.S. 1901 clearly reveals that every type of conveyance intended to secure the payment of money by lien upon real estate is a real estate mortgage for taxation purposes. However, the tax levied on real estate mortgages is not a tax upon the debt or obligation but a tax upon the privilege of recording a real estate mortgage. Johnson v. Oklahoma Tax Commission, Okl., 497 P.2d 1295 (1972). The contractual terms of a real estate mortgage instrument which recite a total amount of indebtedness greater than the amount secured thereby are expressly limiting. The conveyance is to secure to the mortgagee partial payment of the debt or obligation as opposed to full payment. Thus, as provided by 68 O.S. 1901 the amount secured by the mortgage is the amount to be used by a County Treasurer in computing the real estate mortgage registration tax levied by 68 O.S. 1904 [68-1904] (1971). It is, therefore, the opinion of the Attorney General that your question be answered as follows: As to a real estate mortgage which secures partial payment of a debt or obligation the mortgage registration tax levied by 68 O.S. 1904 [68-1904] (1971) is to be computed by the County Treasurer upon the amount secured thereby. (MICHAEL JACKSON)