Dear Auditor and Inspector, Clifton H. Scott,
¶ 0 This office has received your requests for an opinion asking, in effect, the following questions:
1. May a county clerk record an assignment or release ofmortgage without a county treasurer's certification as to paymentof the real estate mortgage tax?
 2. If an original mortgage is filed by an exempt entity withno mortgage tax being paid due to the exemption, and issubsequently assigned to a nonexempt entity, is the nonexemptentity then required to pay the mortgage tax which would havebeen due on the original mortgage?
¶ 1 The real estate mortgage tax is a tax upon the privilege of recording real estate mortgages. Johnston v. Oklahoma TaxCommission, 497 P.2d 1295, 1297 (Okla. 1972). The tax is levied based upon the principle debt or obligation secured by the mortgage and is paid by the mortgagee. 68 O.S.Supp. 1995, §1904[68-1904].[1]
¶ 2 The statute also provides for a certification fee at subsection (b):
 In addition to the taxes levied pursuant to the provisions of subsection (a) of this section, the county treasurer shall collect a fee of Five Dollars ($5.00) on each mortgage presented to the county treasurer for certification.
68 O.S.Supp. 1995, § 1904[68-1904](b).
¶ 3 Oklahoma law also mandates that payment of the real estate mortgage tax is a prerequisite to recording:
 No mortgage of real property shall be recorded by any county clerk unless there shall be paid the tax imposed by and as in this article provided. No mortgage of real property which is subject to the taxes levied by this article shall be released, discharged of record or received in evidence in any action or proceeding, nor shall any assignment of or agreement extending any such mortgage be recorded unless the taxes levied thereon by this article shall have been paid as provided in this article.
68 O.S. 1991, § 1907[68-1907].
¶ 4 You have asked this office to determine whether a county clerk may record an assignment or release of a mortgage without a tax certification by the county treasurer.
¶ 5 Imposition of the fee is triggered by "certification." The term "certification" is, however, not defined. A review of the statutory duties of the county treasurer provides guidance. In general, it is the duty of the county treasurer to receive all monies belonging to the county from whatever source. 19O.S.Supp. 1995, § 623[19-623]. The county treasurer is specifically designated as the collector of taxes and is under a statutory duty to maintain proper tax records. 19 O.S. 1991, § 625[19-625]. Given the nature of the statutory duties imposed upon a county treasurer, the term "certification" as used in 68 O.S.Supp.1995, § 1904[68-1904](b) should be construed as a verification by the county treasurer that taxes due, if any, have been paid.
¶ 6 Subsection (b) of 68 O.S.Supp. 1995, § 1904[68-1904] requires that the county treasurer shall collect the certification fee on eachmortgage presented for certification. Under Section 1901 of Title 68 the term "mortgage" is broadly defined as follows:
 The words or term "real estate mortgage" as used in this article shall be understood to include every species of conveyance intended to secure the payment of money by lien upon real estate. Any contract for the sale of real estate in which title is retained in the vendor for the purpose of enforcing payment of the balance due shall be deemed a mortgage upon real property. If an indebtedness is secured by both real and personal property, said mortgage shall be deemed to be a mortgage on real property for the purpose of this article. Any contract or agreement by which the indebtedness secured by any mortgage is increased or added to shall be deemed a mortgage of real property for the purposes of this article and shall be taxable as such upon the amount of such increase or addition.
68 O.S. 1991, § 1901[68-1901].
¶ 7 In addition to mortgages the law also contemplates "supplemental instruments." The procedures for supplemental instruments are found at 68 O.S. 1991, § 1905[68-1905] which provides:
 If subsequent to the recording of a mortgage on which all taxes, if any, accrued under this article have been paid, a supplemental instrument or mortgage is recorded for the purpose of correcting or perfecting any recorded mortgage, or pursuant to some provision or covenant therein, or an additional mortgage is recorded imposing the lien thereof upon property not originally covered by or not described in such recorded primary mortgage for the purpose of securing the principal indebtedness which is, or under any contingency may be, secured by such recorded primary mortgage, such additional instrument or mortgage shall not be subject to taxation under this article, unless it creates or secures a new or further indebtedness or obligation other than the principle indebtedness or obligation secured by or which under any contingency may be secured by the recorded primary mortgage, in which case a tax is levied on such new or further indebtedness or obligation as heretofore provided in Section 1904 of this Code, and shall be paid to the county treasurer before the time such instrument or additional mortgage is recorded. If, at the time of recording such instrument, or additional mortgage, any exemption is claimed under this section, there shall be filed with the county treasurer and preserved in his office a statement under oath of the facts on which such claim for exemption is based. The determination of the county treasurer upon the question of exemption shall be reviewable on appeal to the district court under the same procedure as appeals from the county commissioners to the district court.
68 O.S. 1991, § 1905[68-1905] (emphasis added).
¶ 8 Blacks Law Dictionary 109 (5th ed. 1979) defines an "assignment" as "[t]he transfer by a party of all its rights to some kind of property, usually intangible property such as rights in a lease, mortgage, agreement of sale or a partnership." An assignment is a supplemental instrument as provided for at 68O.S. 1991, § 1905[68-1905].
¶ 9 The filing of supplemental instruments, such as assignments, under Section 1905 is an event requiring action by the county treasurer. That action takes the form of a determination by the county treasurer of the tax status of a particular instrument. If the county treasurer determines that an instrument is "taxable" it is his or her duty to collect the tax prior to filing by the county clerk. The county clerk may not file the instrument unless all taxes have been paid and the county treasurer has "certified" that fact. Therefore, the statute contemplates that the county treasurer will determine either that the instrument is tax exempt or, if the county treasurer determines an instrument is taxable, provide a certification that taxes have been paid.
¶ 10 It is clear that instruments not creating new indebtedness may be filed free of the real estate mortgage tax. Title 68 O.S.1991, § 1905[68-1905] makes the tax status of supplemental instruments the determination of the county treasurer. Section 1904(b) requires a certification fee "in addition to the taxes levied." Therefore, it appears that the legislative intent was to require certification, and the fee thereon, by the county treasurer as to all mortgages and supplemental instruments. A release is merely the relinquishment of a claim and not a mortgage or supplemental instrument. Therefore, there is no need for a county treasurer to "certify" its tax status and a release may be filed without payment of the 68 O.S.Supp. 1995, § 1904[68-1904](b) certification fee.
¶ 11 In addition to your question about the certification fee, a question was posed regarding a scenario where an exempt entity files a mortgage free of tax and, at a later date, assigns the mortgage to a nonexempt entity. Given the above scenario, must the real estate mortgage tax be paid by the nonexempt entity when the assignment is recorded?
¶ 12 Title 68 O.S. 1991, § 1903[68-1903] provides in very clear terms that no mortgage is exempt from the real estate mortgage tax. However, Attorney General Opinion No. 86-53 opined that federal credit unions are exempt from the tax based on the supremacy clause of the United States Constitution. Therefore, despite the general ban on exemptions, there may be individual circumstances in which an original mortgage may be filed as exempt from the real estate mortgage tax.
¶ 13 It is clearly the legislative intent that real estate mortgage tax be paid whenever a mortgage or supplemental instrument creating new or additional obligations is filed. In addition to the specific provisions of Section 1903 it is also a general rule of construction that tax "exemption statutes are to be strictly construed against exemptions." Bert Smith RoadMachinery Company v. Oklahoma Tax Commission, 563 P.2d 641, 643
(Okla. 1977). Given the legislative intent to tax all mortgages and the general rule against exemptions, it is clear that when an exempt entity assigns a mortgage to a nonexempt entity, payment of the real estate mortgage tax by the nonexempt entity is required prior to filing the instrument.
¶ 14 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A county clerk may not record an assignment of mortgagewithout a certification from the county treasurer that the taxesdue under 68 O.S.Supp. 1995, § 1904(a) have been paid. Thecounty treasurer shall charge the certification fee found at 68O.S.Supp. 1995, § 1904(b) when an assignment is presented forcertification. However, no certification, or certification fee,is required prior to recording a release of mortgage.
 2. When an exempt entity assigns its mortgage to a nonexemptentity, the nonexempt entity is required to pay the mortgage taxlevied on real estate mortgages under 68 O.S.Supp. 1995, §1904(a).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL
[1] 68 O.S.Supp. 1995, § 1904[68-1904](a) provides for the following taxes:
 A tax of ten cents ($0.10) for each One Hundred Dollars ($100.00) and each remaining fraction thereof where such mortgage is for five (5) years or more; eight cents ($0.08) for each One Hundred Dollars ($100.00) for each mortgage where such mortgage is for four (4) years and less than five (5) years; a tax of six cents ($0.06) for each One Hundred Dollars ($100.00) where such mortgage is for three (3) years and less than four (4) years; a tax of four cents ($0.04) for each One Hundred Dollars ($100.00) where such mortgage is for two (2) years and less than three (3) years; and a tax of two cents ($0.02) for each One Hundred Dollars ($100.00) where such mortgage is for less than two (2) years. If the principal debt or obligation secured by said mortgage is less than One Hundred Dollars ($100.00), a tax of ten cents ($0.10) is levied on such mortgage and shall be collected and paid as provided for in this
article.