OSCN Found Document:MARSHALL COUNTY v. HOMESALES, INC.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 MARSHALL COUNTY v. HOMESALES, INC.
2014 OK 88
Case Number: 111786; Consol. w/111870
Decided: 10/28/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 88, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

MARSHALL COUNTY, OKLAHOMA, COUNTY COMMISSIONERS ex rel. MARSHALL COUNTY, OKLAHOMA, Plaintiff/Appellee,
v.
HOMESALES, INC., JPMORGAN CHASE BANK, N.A., and JASON L. HOWELL, Defendants/Appellants.

ON APPEAL FROM AN ORDER CERTIFYING CLASS ACTION BY THE
DISTRICT COURT OF MARSHALL COUNTY,
HONORABLE J. WALLACE COPPEDGE, TRIAL JUDGE

¶0 Appellants Homesales, Inc. (Homesales), JPMorgan Chase Bank, N.A. (JPMorgan) (collectively Chase) and Jason L. Howell, appeal the district court's order certifying this case as a class action at the request of Appellee Marshall County, Oklahoma, County Commissioners ex rel. Marshall County, Oklahoma. This case concerns the Documentary Stamp Tax Act, and its applicability to a sheriff's deed granted to Homesales in a mortgage foreclosure action prosecuted by JPMorgan. Homesales claimed that the transaction was exempt from documentary tax. The County disagreed and sued to collect the tax it claimed was due. The County also moved to certify the case as a class action in which all Oklahoma counties would join as plaintiffs. The district court granted the County's motion and certified the case pursuant to Title 12 O.S. Supp. 2013 § 2023 (B)(3) and the defendants appealed. Because the County is precluded by our holding in Murray Cnty. v. Homesales, Inc., 2014 OK 52, 330 P.3d 519, from suing to collect unpaid taxes allegedly due pursuant to the DSTA, the district court's class certification order is reversed and this case is remanded for further proceedings.

ORDER OF THE DISTRICT COURT CERTIFYING A CLASS ACTION IS 
REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS.

Clyde A. Muchmore, Crowe & Dunlevy, P.C., Oklahoma City, Oklahoma, and Kenneth M. Kliebard, Morgan, Lewis & Bockius, LLP, Chicago, Illinois, for Defendants/Appellants Homesales, Inc., and JPMorgan Chase Bank, N.A.
Brian J. Rayment, Kivell, Rayment & Francis, P.C., Tulsa, Oklahoma, for Defendant/Appellant Jason L. Howell.
Darryl F. Roberts and Jason D. May, Ardmore, Oklahoma, for Plaintiff/Appellee.

FISCHER, S.J.:

¶1 The issue in this litigation is whether class treatment is appropriate for damage claims by Oklahoma counties for unpaid documentary taxes allegedly due on hundreds of real property transactions in real estate foreclosure proceedings. We hold that it is not because a county does not have standing to sue to collect unpaid documentary taxes.

FACTS

¶2 Marshall County filed this case to prosecute an alleged violation of the Documentary Stamp Tax Act (DSTA), (68 O.S.2011 §§ 3201 through 3206). The DSTA imposes a tax "on each deed, instrument or writing by which any lands, tenements, or other realty sold shall be granted, assigned, transferred, or otherwise conveyed . . . when the consideration . . . exceeds One Hundred Dollars ($100.00)." 68 O.S.2011 § 3201(A). Absent an exemption, any tax due is collected by the county clerks through the sale of documentary stamps. 68 O.S.2011 §§ 3203 and 3204. The county clerk retains a portion of the tax and forwards the balance to the Oklahoma Tax Commission. 68 O.S.2011 § 3204. In this case, the County contends that Homesales failed to pay the required documentary tax on a deed executed in a mortgage foreclosure action filed by JPMorgan. The substance of that transaction, summarized in the following paragraph, is described in the County's petition.

¶3 On October 1, 2007, JPMorgan obtained a judgment in a real estate mortgage foreclosure action filed in Marshall County, Oklahoma, case number CJ-2004-217. A sale of the mortgaged property was conducted by the Sheriff of Marshall County and JPMorgan was the successful bidder at that sale. At the hearing to confirm the sale, JPMorgan assigned its interest to Homesales, the Sheriff's Deed was granted to Homesales and recorded with the Marshall County Clerk. Although we do not have the benefit of a more developed evidentiary record at this stage of these proceedings, the transaction described in the County's petition is similar to those evident from the summary judgment record in Murray Cnty. v. Homesales, Inc., 2014 OK 52, 330 P.3d 519. The district court's order granting summary judgment in Murray County describing these transactions in more detail is included in the record on appeal in this case. An undisputed fact in Murray County is that Homesales is a wholly owned subsidiary of JPMorgan. No documentary tax was paid by Homesales when it recorded the Sheriff's Deed in this case. The deed recited that no documentary stamps were due citing Title 68 O.S.2011 § 3202(13) exempting: "Any deed executed pursuant to a foreclosure proceeding in which the grantee is the holder of a mortgage on the property being foreclosed . . . ." In its petition, the County alleged that Homesales was not entitled to this exemption because it was not the original mortgagee.[1]

¶4 Chase filed a motion to dismiss, arguing the County did not have standing to enforce the DSTA. The district court denied that motion on April 19, 2013. The County then moved to have the case certified as a class action pursuant to Title 12 O.S. Supp. 2013 § 2023,[2] with all seventy-seven counties constituting a class of plaintiffs. As relevant to this appeal, the County's motion argued that: (1) JPMorgan, as the holder of promissory notes secured by real estate mortgages, obtained a judgment in numerous foreclosure actions; (2) JPMorgan was the successful bidder at the sheriff's sale of the real property securing the mortgages in those foreclosure actions; (3) the district court would confirm the sheriff's sale by entering an order prepared by JPMorgan's attorney, Howell; (4) the order directed the sheriff to issue a deed to the real property to Homesales; (5) Homesales was the grantee of sheriff's deeds, and claimed an exemption from documentary taxes pursuant to the mortgage foreclosure exemption in Title 68 O.S.2011 § 3202(13); (6) Homesales was not entitled to an exemption from documentary taxes for any of these transactions.[3] Attached to the County's motion were several exhibits including copies of two hundred and thirty-eight deeds filed with the county clerks in twenty-eight counties. Homesales was the grantee in the vast majority of these deeds, many reciting that JPMorgan assigned all of its right, title and interest to Homesales at the confirmation hearing.

¶5 The County's class certification motion and supporting brief asserts, based on these facts, that it had satisfied all four of the subdivision 2023(A) factors and that class treatment was appropriate pursuant to subdivisions 2023(B)(2) and (B)(3). The district court conducted a hearing on the County's motion and on May 20, 2013, entered its Journal Entry granting the County's motion and certifying a class of plaintiffs consisting of all seventy-seven Oklahoma counties. The order finds that "questions of law and fact are common to all the members of the class as well as the Defendants" and that the County had "satisfied the prerequisites of 12 Okl.St.Ann. § 2023(A)." The order then provides:

The Court, having considered the matters set forth in Title 12 Okl.St.Ann. §(B)(3) finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The order concludes that the case "shall be maintained as a class action pursuant to 12 Okla. Stat. Ann. § 2023(A) and (B)(3)."[4] Chase appeals that order.[5]

STANDARD OF REVIEW

¶6 When Oklahoma's class action statute was originally enacted, class certification orders were reviewed pursuant to an abuse-of-discretion standard. Shores v. First City Bank Corp., 1984 OK 67, ¶ 4, 689 P.2d 299, 301. In 2009, the Legislature replaced the abuse-of-discretion standard with de novo appellate review for any class certification order entered after November 1, 2009. 12 O.S. Supp. 2009 § 2023(C)(2) (declared unconstitutional on other grounds in Douglas v. Cox Ret. Props., Inc., 2013 OK 37, 302 P.3d 789). In its 2013 First Extraordinary Session, the Legislature re-adopted the de novo standard of appellate review for orders certifying a class action. Laws 2013, 1st Extr. Sess., HB 1013, ch. 10, § 4, emerg. eff. September 10, 2013. This Court has previously recognized the Legislature's authority to specify the standard of appellate review in circumstances like this. Kentucky Fried Chicken of McAlester v. Snell, 2014 OK 35, ___ P.3d ___(providing the standard for appellate review of Workers' Compensation Court orders is within the authority of the Legislature). The de novo standard of review is familiar to appellate courts, and we conclude the Legislature intended to invoke that settled law when it changed the standard of review for class certification orders. Cf., Peoplelink, LLC. v. Bear, 2014 OK 65, ¶ 6, ___ P.3d ___(applying the traditional against-the-weight-of-the-evidence equity standard of review in appeals of Workers' Compensation Court orders finding Legislature was familiar with the Court's decisions using that standard and must have intended that standard by including identical language in Workers' Compensation Court statute).

¶7 However, de novo review has historically been confined to review of legal rulings. In re Estate of Bell-Levine, 2012 OK 112, ¶ 5, 293 P.3d 964, 966 (de novo review requires a plenary, independent, and non-deferential examination of the trial court's rulings of law). In contrast, a trial court's factual determinations in an equitable proceeding have traditionally been accorded deferential treatment. Krumme v. Moody, 1995 OK 140, 910 P.2d 993 (appellate court examines the record, weighs the evidence and accepts the trial court's findings of fact unless they are against the clear weight of the evidence). The tradition in equitable proceedings is an appropriate reference because class action procedure was initially developed from equity practice. Mattoon v. City of Norman, 1981 OK 92, ¶ 9, 633 P.2d 735, 737.

¶8 To decide a class certification motion the district court is required to determine whether the prerequisites for a class action have been satisfied. That determination often requires analysis of the elements of the claim or cause of action to determine the "core liability issues" the class will have to prove in order to prevail and the nature of the evidence purportedly available to do so. Scoufos v. State Farm Fire & Cas. Co., 2001 OK 113, ¶ 1, 41 P.3d 366, 367. Accord General Tel. Co. of Southwest v. Falcon, 457 U.S. 147, 160-61, 102 S.Ct. 2364 (1982) (court must conduct a "rigorous analysis" to determine if requirements for class certification have been met).[6] And, when necessary to decide a class certification motion, courts must resolve factual disputes raised by the parties to determine whether the movant has satisfied the statutory prerequisites for a class action, even if those disputes involve the merits of the plaintiff's claim. Masquat v. DaimlerChrysler Corp., 2008 OK 67, ¶ 10, 195 P.3d 48, 52-53 (citing Steven S. Gensler, Civil Procedure: Class Certification and the Predominance Requirement Under Oklahoma Section 2023(B)(3), 56 Okla. L. Rev. 289, 316 (2003)) (Oklahoma follows the "modern view" that consideration of the merits of the classes' claim is appropriate to the extent necessary to determine what individual issues might have to be litigated). However, just as a class certification order is "conditional, and may be altered or amended before the decision on the merits," Title 12 O.S. Supp. 2013 § 2023(C)(1), any factual determination necessary to resolving the class certification motion is preliminary and will not have any issue-preclusive effect in the post-certification litigation. See Burgess v. Farmers Ins. Co., Inc., 2006 OK 66, ¶¶ 15-16, 151 P.3d 92, 100 (district court may properly consider the parties' "forecast" of the evidence at certification hearing). Cf., Richard A. Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U.L.Rev. 97, 114 (2009) (if necessary to resolve a class certification motion, courts must resolve factual disputes concerning certification requirements "with no issue-preclusive effect in the event of trial"). Therefore, the district court's disposition of the class action issue does not ultimately determine any issues of fact. As a result, class certification resolves only a question of law and the de novo standard required by Title 12 O.S. Supp. 2013 2023(C)(2) is appropriate for appellate review of class certification orders entered after November 1, 2009.

ANALYSIS

¶9 Chase filed this appeal raising two issues: (1) whether the County has standing to prosecute this action, and (2) whether the district court erred in certifying this case as a class action.[7] We have jurisdiction to hear the appeal of the class certification order pursuant to Title 12 O.S.2011 § 993(A)(6). A party's standing may be raised at any time during the litigation. Hendrick v. Walters, 1993 OK 162, ¶ 4, 865 P.2d 1232, 1236.

I. The Standing Issue

¶10 Chase moved to dismiss the County's petition, arguing the County did not have standing. The district court's April 2013 order denying that motion is attached to Chase's petition in error and is one of the two orders Chase seeks to have reviewed in this appeal. That order is not appealable as a matter of right. 12 O.S. Supp. 2013 § 993. And, it does not contain the district court's certification required for an immediate appeal pursuant to Title 12 O.S.2011 § 952(b)(3).

[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the final judgment, decree, or final order adjudicating all the claims and the rights and liabilities of all the parties is filed with the court clerk.

12 O.S.2011 § 994(A). The April 2013 order denying Chase's motion to dismiss is not subject to appellate review at this stage of the proceedings and Chase's appeal of that order is dismissed. However, Chase also argues in its brief-in-chief that the County lacks standing to prosecute this action. Chase's standing argument is resolved by our decision in Murray County; the County has standing to seek declaratory and/or injunctive relief regarding the DSTA. Murray County, 2014 OK 52, ¶¶ 19-20, 330 P.3d at 528-29. "If standing exists, the case must proceed on the merits." Independent Sch. Dist. No. 9 v. Glass, 1982 OK 2, ¶ 10, 639 P.2d 1233, 1237.

II. The Class Certification Issue

¶11 Chase also appeals the district court's May 2013 Journal Entry granting the County's motion and certifying a class of plaintiffs consisting of all seventy-seven counties in Oklahoma. A party may represent those not named in the litigation only if:

1. The class is so numerous that joinder of all members is impracticable;
2. There are questions of law or fact common to the class;
3. The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
4. The representative parties will fairly and adequately protect the interests of the class.

12 O.S. Supp. 2013 § 2023(A). In addition, the party seeking class certification must show that class treatment is authorized by one of the three types of cases or forms of relief described in subdivision 2023(B). Burgess, 2006 OK 66, ¶ 10, 151 P.3d at 98. In its motion and brief for class certification, the County argued that certification was authorized: (1) pursuant to subdivision 2023(B)(2) because class-wide injunctive and declaratory relief is appropriate; and (2) pursuant to subdivision 2023(B)(3) because common issues of law and fact predominate and a class action is superior to other methods of resolving this dispute. The district court certified the class pursuant to subdivision 2023(B)(3).

A. 2023(B)(3) Certification

¶12 The County alleges in its petition that the monetary damages in this case exceed $75,000 but not $5,000,000. Its class certification motion asserts: "Plaintiffs seek class certification under 12 Okl.St.Ann. §2023(B)(3) for monetary damages, including punitive damages." "Individualized monetary claims belong in [section 2023(B)(3)]." Wal-Mart Stores, Inc., v. Dukes, ___ U.S. ___, 131 S. Ct. 2541, 2558 (2011). Therefore, any damage claim the County might have must be brought pursuant to subdivision 2023(B)(3). However, in Murray County we held that a county's standing with respect to actions involving the DSTA was limited to actions seeking equitable relief. Murray County, 2014 OK 52, ¶¶ 19-20, 330 P.3d at 528-29. A county may sue for a judgment declaring that a particular conveyance is subject to documentary tax and it may seek to enjoin a deed grantee from claiming an exemption from documentary taxes when the exemption is not warranted. What the County may not do is sue to collect unpaid documentary taxes. Id. ¶ 15, 330 P.3d at 527. Yet the County's reliance on subdivision (B)(3) and its argument that each class plaintiff's individual claim for damages does not preclude class certification shows that is precisely what the County is trying to do. Although the district court's class certification order was entered without the benefit of this Court's Opinion in Murray County, a county does not have standing to pursue damage claims for unpaid documentary taxes; that responsibility lies solely with the Oklahoma Tax Commission and the Oklahoma Attorney General. Id. The district court's order certifying a class of plaintiffs based on subdivision 2023(B)(3) is reversed.

B. 2023(B)(2) Certification 

¶13 Even though the district court based it certification order on subdivision 2023(B)(3), the County also sought to have a class certified pursuant to subdivision 2023(B)(2). "Where the trial court reaches the correct result for the wrong reasons or on incorrect theories, it will not be reversed." Jacobs Ranch, L.L.C. v. Smith, 2006 OK 34, ¶ 58, 148 P.3d 842, 857. Consequently, the class certification order can be affirmed if the record shows that the defendants "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." 12 O.S. Supp. 2013 § 2023(B)(2). However, to obtain certification pursuant to subdivision 2023(B)(2), the County must first show that it can satisfy the requirements of Title12 O.S. Supp. 2013 § 2023(A). Harvell v. Goodyear Tire & Rubber Co., 2006 OK 24, ¶ 8, 164 P.3d 1028, 1032; KMC Leasing, Inc. v. Rockwell-Standard Corp., 2000 OK 51, ¶ 12, 9 P.3d 683, 688. The parties focus in the district court centered on the requirement for common issues of law and fact. As a predicate to declaratory or injunctive relief, this commonality is required by Title 12 O.S. Supp. 2013 § 2023(A)(2). However, the language of subdivision 2023(A)(2) "is easy to misread." Wal-Mart, 131 S. Ct. at 2551. "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'" Id. (citing General Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 102 S. Ct. 2364 (1982)). The common contention must be of such nature that "it is capable of classwide resolution . . . in one stroke." Wal-Mart, 131 S. Ct. at 2551, Accord, Harvell, 2006 OK 24, ¶ 27, 164 P.3d at 1038 ("Certification is generally reserved for cases in which broad, class-wide injunctive or declaratory relief is necessary to address a group-wide injury . . . ."). Consequently, injunctive and declaratory relief pursuant to subdivision 2023(B)(2) is appropriate only if it will settle "the legality of the behavior with respect to the class as a whole . . . ." Advisory Committee Notes to the 1966 amendments to Federal Rule of Civil Procedure 23, 39 F.R.D. 98-107 (1966).[8]

¶14 Although the County's motion and brief assert that declaratory and injunctive relief is appropriate, section 2023 "does not set forth a mere pleading standard." Wal-Mart, 131 S. Ct. at 2551. The County's petition must contain "factual allegations sufficient to demonstrate a plausible claim for relief." 12 O.S. Supp. 2013 § 2023(B). And when challenged, as in this case, the County must provide evidentiary support for those allegations. Masquat, 2008 OK 67, ¶ 9, 195 P.3d at 52 (party seeking certification has the burden of proving each of the statutory elements); Harvell, 2006 OK 24, ¶ 10, 164 P.3d at 1032 (in determining class certification issues, the court accepts as true only uncontroverted pleading allegations and undenied arguments of counsel). At the certification hearing, the County offered evidentiary support for its motion in the form of two hundred and sixty-eight conveyances, the vast majority of which are to Homesales as grantee of a sheriff's deed in cases in which JPMorgan obtained a mortgage foreclosure judgment. The County argues that these conveyances are taxable because Homesales is not entitled to an exemption from documentary taxes.

¶15 Pursuant to this Court's holding in Murray County, the taxability of these conveyances depends, in the first instance, on proof that consideration in excess of the statutory minimum was exchanged, and that proof requires individual evidence of each and every transaction challenged by the County and the putative class. The DSTA does not assess a tax on every deed recorded with a county clerk. Documentary tax is only assessed on a "deed, instrument, or writing by which any lands, tenements, or other realty [is] sold . . . [and] the consideration or value of the interest or property conveyed . . . exceeds One Hundred Dollars ($100.00)." 68 O.S.2011 § 3201(A). Further, it is not unlawful to exercise the "privilege" of conveying real property and recording that conveyance with the county clerk. See Johnston v. Okla. Tax Comm'n, 1972 OK 88, 497 P.2d 1295. That privilege may be exercised even if the deed is not subject to documentary tax. 68 O.S.2011 § 3202 (providing an exemption from documentary taxes for fourteen kinds of deeds and conveyances). Therefore, evidence that a deed was filed does not justify the inference that a "sale" has occurred or that taxable consideration was paid for the conveyance. The absence of evidence that a potentially taxable sale had occurred was the reason this Court reversed the summary judgment granted in favor of Murray County. Murray County, 2014 OK 52, ¶¶ 28-31, 330 P.3d at 532-33.

¶16 The same problem is evident from this record. It is true, as the County argues, that most of the facts regarding these transactions have similar elements. The majority of the facts are established by the public record; they are not in dispute and it is unlikely they would be contested at trial. However, proof of the facts asserted by the County to be "common" does not advance the determination of the "core liability issues." Scoufos, 2001 OK 113, ¶ 1, 41 P.3d at 367. The asserted common issues must make some difference in the case. The initial core liability issue in this case is whether taxable consideration was exchanged between JPMorgan and Homesales. Murray County, 2014 OK 52, ¶ 27, 330 P.3d at 531-32. Therefore, to successfully prosecute its class certification motion, the County is required to "affirmatively demonstrate" compliance with the class action statute by being prepared to prove, at least, that commonality as to taxability does "in fact" exist. Wal-Mart, 131 S. Ct. at 2551. The deeds relied on by the County do not satisfy the required showing.

¶17 As a result, the record is not sufficiently developed for this Court to be able to determine whether class treatment is appropriate pursuant to subdivision 2023(B)(2). Appellate courts do not normally make first-instance determinations of disputed issues of law or fact. Evers v. FSF Overlake Assocs., 2003 OK 53, ¶ 18, 77 P.3d 581, 587. We decline to do so here.

CONCLUSION

¶18 Although the County has standing, its standing is limited to the pursuit of equitable relief. The order certifying a class of Oklahoma counties pursuant to Title 12 O.S. Supp. 2013 § 2023(B)(3) is reversed, and this case is remanded for consideration of the County's request to certify a class of plaintiffs pursuant to subdivision 2023(B)(2) of the class action statute.

ORDER OF THE DISTRICT COURT CERTIFYING A CLASS ACTION IS
REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS.

¶19 REIF, V.C.J., WATT, EDMONDSON, GURICH, JJ., and FISCHER, S.J., concur.

¶20 KAUGER, J., concurs in part; dissents in part.

¶21 WINCHESTER, TAYLOR, and COMBS (by separate writing), JJ., dissent.

¶22 COLBERT, C.J., recused. 

FOOTNOTES

[1] The County's petition also alleged that Homesales and JPMorgan conspired with their attorney in the foreclosure action, Jason Howell, to avoid payment of the documentary taxes and that they fraudulently represented to the Marshall County Clerk that the transaction was exempt. The County's "fraud and conspiracy claim" is disposed of by our holding in Murray County. Conspiring to fraudulently represent that documentary taxes are not due is a misdemeanor punishable by the penalties set out in section 3206 of the DSTA. Only the Oklahoma Tax Commission and the Oklahoma Attorney General are authorized by the Legislature to prosecute violations of that Act. Consequently, the County does not have standing to pursue a "fraud and conspiracy theory" to collect unpaid documentary taxes in this case because it does not have statutory authority to prosecute violations of the DSTA. Murray County, 2014 OK 52 n.3, 330 P.3d 519.

[2] Title 12 O.S. Supp. 2013 § 2023 provides in relevant part:

A. PREREQUISITES TO A CLASS ACTION. One or more members of a class may sue or be sued as representative parties on behalf of all only if:
1. The class is so numerous that joinder of all members is impracticable;
2. There are questions of law or fact common to the class;
3. The claims or defenses of the representative parties are typical of the claims or defenses of the class; and
4. The representative parties will fairly and adequately protect the interests of the class.

B. CLASS ACTIONS MAINTAINABLE. An action may be maintained as a class action if the prerequisites of subsection A of this section are satisfied, if the petition in the class action contains factual allegations sufficient to demonstrate a plausible claim for relief and:
1. The prosecution of separate actions by or against individual members of the class would create a risk of:
a. inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
b. adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
2. The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
3. The court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include:
a. the interest of members of the class in individually controlling the prosecution or defense of separate actions,
b. the extent and nature of any litigation concerning the controversy already commenced by or against members of the class,
c. the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and
d. the difficulties likely to be encountered in the management of a class action.

[3] The motion also alleges that with respect to some of the challenged deeds, JPMorgan was not the grantor to Homesales, and in others, Homesales was the grantor to third parties who unlawfully claimed a documentary tax exemption. Nonetheless, the motion asserts that in more than ninety percent of the transactions, JPMorgan was the judgment creditor and Homesales was the deed grantee.

[4] The order also states: "The Court further finds that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the defendants." This language repeats the subdivision 2023(B)(1) basis for certifying a class action. However, neither the County's motion for class certification nor the district court's order certifying the class relies on subdivision B(1) as authorizing a class of plaintiffs in this case.

[5] Howell is also an appellant in this case, but his position and legal arguments do not differ from those asserted by Chase.

[6] See Cactus Petroleum Corp. v. Chesapeake Operating, Inc., 2009 OK 67, n.8, 222 P.3d 12 (Court may look to federal authority for guidance in interpreting Oklahoma's class action statute); Perry v. Meek, 1980 OK 151, ¶ 17, 618 P.2d 934, 939 ("The large body of authority which has grown around federal class actions is quite useful in determining the advantageous application of class action theory into practice.").

[7] The first appeal after the district court's May 20, 2013, Journal Entry was filed by the County, Case No. 111,786, and sought to have the district court's class certification order affirmed. Chase moved to dismiss this appeal arguing that only a party "aggrieved" by a class certification order could appeal citing Title 12 O.S.2011 § 993(A)(6). Subsequently, Chase filed its own appeal, Case No. 111,870, and the two appeals were consolidated. Chase then moved to realign the parties showing it to be the appellant and the County to be the appellee. The County did not object and the parties were realigned as requested. As a result, Chase's motion to dismiss Case No. 111,786 is moot.

[8] "In construing Section 2023 Oklahoma courts should consult the Advisory Notes to the 1966 amendments to Federal Rule of Civil Procedure 23." Committee Comment to Section 2023, Okla. Stat. Ann. tit. 12, § 2023 (West 2010).

 

 

COMBS, J., with whom WINCHESTER and TAYLOR, JJ., join, dissenting:

¶1 For reasons expressed originally in my dissenting opinion in Murray County v. Homesales, Inc., 2014 OK 52, 330 P.3d 519, I must respectfully dissent. In this cause, Appellants assert that 1) Appellee lacks standing to bring this action; and 2) the district court erred by certifying this cause as a class action. Relying on this Court's decision in Murray County, the majority determines that even though Appellee lacks standing to sue to enforce the Documentary Stamp Tax Act (DSTA), 68 O.S. 2011 § 3201 et seq., it possess standing to seek equitable relief in the form of a declaratory judgment or an injunction. Having reached that determination, the majority proceeds to determine that the district court's certification order, based upon 12 O.S. Supp. 2013 § 2023(B)(3), was improper because Appellee does not have standing to seek monetary damages pursuant to the DSTA.

¶2 The majority also determines that certification of the class pursuant to 12 O.S. Supp. 2013 § 2023(B)(2) would be premature because Appellee must first show that it can satisfy the commonality requirements of 12 O.S. Supp. 2013 § 2023(A). The majority concludes that Appellee is required to affirmatively demonstrate compliance with the class action statute by being prepared to prove that commonality as to taxability does in fact exist, and further concludes that the deeds relied upon by Appellee do not satisfy the required showing. Accordingly, the majority reverses the trial court's certification order but remands this cause for further development of the record and further consideration of the class certification question.

¶3 Because I do not believe Appellee possesses standing to sue in this cause--either to enforce the DSTA or to pursue equitable relief--the question of standing is dispositive and reaching the issue of the class certification order is unnecessary. Toxic Waste Impact Group, Inc. v. Leavitt, 1994 OK 148, ¶9, 890 P.2d 906 ("Only if standing exists must the case proceed to the merits for the reason only one whose substantial rights are injuriously affected may appeal from a decision, however erroneous.") (Internal citations omitted). Essentially, Appellee is unable to meet one of the three central requirements this Court has set out for standing: a likelihood, as opposed to mere speculation, that the injury will be redressed by a favorable court decision. Murray County, 2014 OK 52, ¶2 (Combs, J., dissenting); J.P. Morgan Chase Bank, Nat'l Assoc. v. Eldridge, 2012 OK 24, ¶7, 273 P.3d 62. Neither a declaratory judgment nor an injunction will result in Appellee obtaining the lost revenue they claim that they are due under the DSTA. A declaratory judgment that the DSTA was violated is nothing more than a stepping stone to eventual enforcement of the DSTA, which this Court has already declared plaintiffs in Appellee's position cannot do.

¶4 Appellee's attempts to secure equitable relief represent nothing more than an attempt to circumvent their lack of standing to sue to directly enforce the provisions of the DSTA. As I previously emphasized in Murray County, 2014 OK 52, ¶13 (Combs, J., dissenting):

[t]his Court has long relied upon the axiom that what may not be done directly should not be allowed to be done indirectly. In Re Oklahoma Capitol Imp. Authority, 2012 OK 99, ¶12, 289 P.3d 1277; Large v. Acme Engineering and Mfg. Corp., 1990 OK 34, ¶8, 790 P.2d 1086; Reherman v. Oklahoma Water Resources Bd., 1984 OK 12, ¶15, 679 P.2d 1296. A determination by this Court that the plaintiffs can seek a declaratory judgment that documentary stamp taxes are due from the defendants pursuant to 68 O.S. § 3201 and that the exemptions claimed by the defendants were unlawful is nothing more than an end-run around the basic determination that the plaintiffs are not permitted to sue to enforce the DSTA. Having determined that the plaintiffs cannot enforce the DSTA, it does not make sense to allow them to seek declaratory relief that could lead to nothing else but subsequent action by the plaintiffs to enforce the DSTA.

¶5 Appellee is not the proper party to seek adjudication of the asserted issues. Leavitt, 1994 OK 148, ¶9. The proper party is the Oklahoma Tax Commission, which unlike Appellee, possesses authority to enforce the provisions of the DSTA. Murray County, 2014 OK 52, ¶9-15. Because Appellee lacks standing, consideration of the class certification order is unnecessary. For these reasons, I respectfully dissent.

 

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 34, 790 P.2d 1086, 61 OBJ 1042, Large v. Acme Engineering and Mfg. Corp.
Discussed
 1993 OK 162, 865 P.2d 1232, 65 OBJ 33, Hendrick v. Walters
Discussed
 1994 OK 148, 890 P.2d 906, 65 OBJ 4214, Toxic Waste Impact Group, Inc. v. Leavitt
Discussed at Length
 2001 OK 113, 41 P.3d 366, 72 OBJ 3685, SCOUFOS v. STATE FARM FIRE & CASUALTY CO.
Discussed at Length
 1972 OK 88, 497 P.2d 1295, JOHNSTON v. OKLAHOMA TAX COMMISSION
Discussed
 1995 OK 140, 910 P.2d 993, 66 OBJ 3905, Krumme v. Moody
Discussed
 2003 OK 53, 77 P.3d 581, EVERS v. FSF OVERLAKE ASSOCIATES
Discussed
 2006 OK 24, 164 P.3d 1028, HARVELL v. GOODYEAR TIRE & RUBBER CO.
Discussed at Length
 2006 OK 34, 148 P.3d 842, JACOBS RANCH, L.L.C. v. SMITH
Discussed
 2006 OK 66, 151 P.3d 92, BURGESS v. FARMERS INSURANCE COMPANY, INC.
Discussed at Length
 2008 OK 67, 195 P.3d 48, MASQUAT v. DAIMLERCHRYSLER CORP.
Discussed at Length
 2009 OK 67, 222 P.3d 12, CACTUS PETROLEUM CORP. v. CHESAPEAKE OPERATING, INC.
Discussed
 2012 OK 24, 273 P.3d 62, J.P. MORGAN CHASE BANK N.A. v. ELDRIDGE
Discussed
 2012 OK 99, 289 P.3d 1277, IN THE MATTER OF THE APPLICATION OF THE OKLAHOMA CAPITOL IMPROVEMENT AUTHORITY
Discussed
 2012 OK 112, 293 P.3d 964, IN THE MATTER OF THE ESTATE OF BELL-LEVINE
Discussed
 2013 OK 37, 302 P.3d 789, DOUGLAS v. COX RETIREMENT PROPERTIES, INC.
Discussed
 2014 OK 35, KENTUCKY FRIED CHICKEN OF McALESTER v. SNELL
Cited
 2014 OK 52, MURRAY COUNTY v. HOMESALES, INC.
Discussed at Length
 2014 OK 65, PEOPLELINK, LLC. v. BEAR
Cited
 1980 OK 151, 618 P.2d 934, Perry v. Meek
Discussed
 1981 OK 92, 633 P.2d 735, Mattoon v. City of Norman
Discussed
 1982 OK 2, 639 P.2d 1233, Independent School Dist. No. 9 of Tulsa County v. Glass
Discussed
 2000 OK 51, 9 P.3d 683, 71 OBJ 1763, KMC Leasing Inc. v. Rockwell-Standard Corp.
Discussed
 1984 OK 12, 679 P.2d 1296, Reherman v. Oklahoma Water Resources Bd.
Discussed
 1984 OK 67, 689 P.2d 299, Shores v. First City Bank Corp.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 952, Jurisdiction of Supreme Court
Cited
 12 O.S. 993, Appeals from Certain Interlocutory Orders - Undertaking
Discussed at Length
 12 O.S. 994, Procedure When There is More Than One Claim or Party - Final Judgment
Cited
 12 O.S. 2023, Class Actions
Discussed at Length
Title 68. Revenue and Taxation
 Cite
Name
Level

 68 O.S. 3201, Imposition of Tax - Definitions
Discussed at Length
 68 O.S. 3202, Exemptions
Discussed at Length
 68 O.S. 3203, Payment of Taxes - Documentary Stamps - Requirements on Face of Deed or Other Instrument.
Cited
 68 O.S. 3204, Design and Distribution of Stamps - Accounting - Distribution of Funds
Cited